### HODGES *vs.* THE CITY OF BUFFALO.

The common council of the city of Buffalo have no authority to furnish an entertainment for the citizens and guests of the city at the public expense.

Accordingly, it was held that an action would not lie against the corporation at the suit of one who had provided such entertainment, on independence day, upon the employment of a committee authorized by the common council to contract for it.

. ERROR to the recorder's court of the city of Buffalo. Hodges sued "The City of Buffalo" in *assumpsit* and counted for the use of certain rooms in his hotel, for meat, drink and refreshments furnished, and the attendance of his servants, &c. at the request of, and for the defendant. *Non assumpsit* was pleaded.

The plaintiff proved that the common council of the city on the 14th day of June, 1838, passed a resolution appointing a committee of three aldermen " on the part of the corporation

to co-operate with our citizens generally, for making proper arrangements for the celebrating in a suitable manner the coming anniversary of our national independence." This committee associated themselves with certain other persons appointed on the part of the citizens, and they together (the three aldermen expressly assenting,) contracted with the plaintiff, a hotel keeper, to furnish an entertainment and ball at his hotel for the citizens and certain military guests who were expected from Detroit and Rochester, on the evening of the 4th of July ensuing, for which he was to be paid $1200. The entertainment and ball were given, the plaintiff fully performing on his part. The plaintiff had received from sources other than the corporation the amount agreed to be paid, excepting a balance of principal and interest amounting to $355,11, for the recovery of which this suit was brought. The court below, on the motion of the defendant, nonsuited the plaintiff, who excepted. Judgment was rendered against the plaintiff for costs and he brought error to this court on a bill of exceptions.

*J. L. Talcott,* for the plaintiff in error. "The City of Buffalo" being a municipal corporation, could make a valid contract for the purposes specified in the resolution. (*Mayor, &c. of Colchester* v. *Lowten,* 1 *Ves. & B.* 226; *Clarke* v. *The Imperial Gas Light & Coal Co.,* 4 *Barn. & Adol.* 315; *White* v. *The Westport Cot. Man. Co.,* 1 *Pick,* 215; *Tripp* v. *The Swanzea Co.,* 13 *id.* 292.)

The contract was performed by the plaintiff, and the defendant received the consideration. In such cases a corporation cannot avoid liability on the ground of want of authority. (*Epis. Char. Soc.* v. *Epis. Church of Dedham,* 1 *Pick.* 372; *Moss* v. *The Rossie Lead Co.,* 5 *Hill,* 137 ; *State of Indiana* v. *Woram,* 6 *Hill,* 33.)

*E. Cook,* for the defendant in error. The corporation of Buffalo had no authority to enter into this contract either by express grant or as an incident to any power directly given. (*Angel & Ames on Corp.* 239.)

*By the Court,* JEWETT, J.   The determination of this cause depends upon the question, whether the corporation of the city of Buffalo had power to contract the debt claimed.   Such power must be conferred by statute.   It cannot be taken by implication.   Corporations have no other powers than such as are expressly granted, or such as are necessary to carry into effect the powers expressly conferred.   All corporations possess the powers enumerated in 1 *R. S.* 599, § 1; but the authority to enter into this contract is not found there.   No corporation possesses any powers not conferred by this section or by its act of incorporation, "except such as shall be necessary to the exercise of the powers so enumerated and given." (*Id.* § 3.)   The act to incorporate the city of Buffalo contains no provision which countenances the claim now set up as appertaining to the city corporation.   The inhabitants are made a corporation and as such are authorized to be represented in courts, to have a common seal and to purchase and convey real estate. (*Laws* 1832, *p.* 297, § 2.)

The common council are authorized to manage the finances and the corporate property, and they may make by-laws for certain specified purposes. (§ 31.)   They may also make and change such ordinances, by-laws, and police regulations "for the *good government* and order of the said city, and the trade and commerce thereof as may be necessary to carry into effect the powers given to said council." (§ 33.)   They have power to raise $8000 a year by tax for lighting the streets, supporting a night watch, making and repairing roads and bridges, and "to defray the contingent and other expenses of the city." (§ 38.) Power is conferred upon the common council to do certain acts which require the expenditure of money, and which are properly chargeable as contingent expenses upon the fund so to be raised by taxation, but there is nothing which authorizes them to provide entertainments upon any occasion whatever.

The plaintiff's counsel failing to find express authority to make expenditures for this purpose, insists that the claim can be sustained on the ground that the plaintiff having furnished this entertainment, the corporation has received the considera-

tion, and is bound to pay although the engagement was made without legal authority. It is said to be analogous to a subsequent ratification by a corporation of the unauthorized act of its agent. I cannot concur in this view of the case. The doctrine referred to assumes that the principal had power to confer the requisite authority in the first instance. It cannot be maintained that a corporation can by a subsequent ratification make good an act of its agent which it could not have directly empowered him to do.

The power attempted to be conferred by the common council upon this committee was unauthorized, and the acts of the committee were void so far as they assumed to bind the corporation.

Judgment affirmed.