## DUNBAR *vs.* THE ALCALDE AND AYUNTAMIENTO of San Francisco.

A municipal corporation is not liable for the destruction of a building, in pursuance of the directions of its officers, where no statute exists creating such liability. So *held*, in a case where the building of the plaintiff was blown up by the directions of the Alcalde and several members of the Ayuntamiento of San Francisco during a conflagration, for the purpose of staying its progress, and where it appeared that the destruction of the building by fire was not inevitable.

The destruction of a building, to stop the spread of a conflagration, cannot, *it seems*, be deemed a taking of private property for public use, within the meaning of that clause in the constitution which prohibits such taking without just compensation.

Corporations, or *quasi* corporations, possess only such corporate powers as are expressly given by statute or by their charter, and such as are necessary to the exercise of the powers enumerated.

No ordinance of an Ayuntamiento, which transcended the powers conferred by the decree of March 20, 1837, was of validity, until it had been submitted to, and approved by the governor of the department, and an ordinance of an Ayuntamiento, authorizing the blowing up of buildings in case of a fire, would transcend the powers conferred by that decree, and would be invalid unless approved by the governor of the department.

APPEAL from the court of First Instance of the district of San Francisco. The facts will be found sufficiently stated in the opinion of the court. Judgment was rendered in the court below in favor of the plaintiff.

*Hall McAllister*, for plaintiff.

*John W. Dwinelle*, for defendants.

*By the Court*, BENNETT, J. The action is brought against the defendants, in their corporate capacity, to recover the value of a building and its contents, which were blown up during the fire of December, 1849. The Alcalde, acting under the advice and in concert with several members of the Ayuntamiento, gave orders for blowing up the building, and such orders were carried into execution at a time, when, according to the finding of the referees, the destruction of the building by fire was not

inevitable. It was admitted, on the hearing before the referees, "that the blowing up of Mr. Dunbar's house was the act of "the defendants." I shall, therefore, consider it as such.

From the view I take of the case, it is unnecessary to consider whether overruling necessity would form an excuse for the grievance complained of, or whether the action, had it been brought against the members of the Ayuntamiento personally, could have been sustained.

It is by no means clear, that the destruction of the plaintiff's building can be considered as a taking of private property for public use, within the meaning of that clause of the constitution, which prohibits such taking without just compensation. (*Russell* v. *The Mayor of New York*, 2 *Denio*, 464, 473, 483; *Lawrence et al.* v. *The Mayor*, &c., *id.* 491, *note a; American Print Works* v. *Lawrence*, 1 *Zabriskie's Rep.* 258, 264.) But it is, also, unnecessary to determine this point, for, although the property should be considered as having been taken for public use, such taking can impose no liability upon the public, unless the power to take had been conferred by law upon the Ayuntamiento.

The question to be determined is, whether the defendants, a municipal corporation, or *quasi* corporation, had the authority given to them by the law, which defined their powers and duties, to destroy buildings or other property for the purpose of arresting the progress of a conflagration? If they had not, I do not see how they can make the public liable for such an act.

It is a rule of interpretation, that corporations, or *quasi* corporations, can possess or exercise such corporate powers only as are expressly given by statute, or by their charters, and such as shall be necessary to the exercise of the powers enumerated and given. (2 *Kent's Comm.* 298, 299; *Hodges* v. *The City of Buffalo*, 2 *Denio*, 110; *Angel and Ames on Corp.* 239; *Head & Amory* v. *The Providence Insurance Co.*, 2 *Cranch*, 127; *Bank of Augusta* v. *Earle*, 13 *Pet.* 519; *Runyan* v. *Lessee of Coster et al.*, 14 *Pet.* 122; 1 *Feb. Mej.* 22.)

The powers of Ayuntamientos are laid down in the Mexican decree of March 20, 1837. (*Arrillaga's Coleccion de Decretos*

*for* 1837, *page* 225 *to* 230; *Halleck,* 13, 14, 15.) This decree contains a specific enumeration of the powers conferred, and the duties enjoined, upon Ayuntamientos; the former of which they could not enlarge, and the latter of which they could not limit. They had, however, the right, in case they deemed these regulations insufficient, to propose to the governor of the department the adoption of such additional ordinances as they might think expedient; but no ordinance of an Ayuntamiento, unless fairly embraced within the scope of the powers conferred by the above cited decree, could be of validity, until it had been submitted to and approved by the governor of the department.

I cannot discover in the enumeration of powers contained in that decree, not merely on a strict, but even on an enlarged and liberal construction, any grant of authority to Ayuntamientos to make the public, of which they were the representatives, liable to make compensation for buildings or other property which they should see fit to destroy for the purpose even of staying the ravages of a destructive conflagration. Their powers were certainly not more extensive, and in my opinion were more restricted, than those which are commonly given, by their charters, to villages and cities in the United States; and I know of but one decision of any court in the United States, that has held the public liable for the destruction of buildings, under the circumstances of this case, unless by virtue of some express statutory enactment.

The point was determined in the case of *Russell* v. *The Mayor,* &c., *of New York,* (2 *Denio,* 461,) and in the case of *Lawrence* v. *The Mayor,* &c., (*id.* 491, *note a.*) These cases were decided in the supreme court of the state, and were afterwards affirmed in the court for the correction of errors. In the case of *Russell* the declaration contained several counts, some, founded upon a supposed statutory liability, and others, proceeding upon common law grounds. A general demurrer was put in to all the counts, and, consequently, had the common law counts been good, the demurrer would have been overruled. It was, however, sustained. These decisions affirm the doctrine,

that a municipal corporation is not liable, except by virtue of an express statute, for buildings destroyed in order to stop the progress of a fire.

The case of *Bishop & Parsons* v. *The Mayor and City Council of Macon*, decided by the supreme court of Georgia in 1849, (*United States Monthly Law Magazine for Sept.*, 1850,) apparently holds a different doctrine. It was there decided, that the city was liable for the act of the mayor and council in blowing up the building of the plaintiffs. No authorities are cited in support of the conclusion to which the court arrived, except *The Mayor, &c., of New York* v. *Lord*, (17 *Wend*. 285,) and the same case on error, (18 *Wend*. 126.) This case was decided both in the supreme court and in the court of review, not upon the ground of any common law liability, but upon the ground that a statute of the state had, in such case, made the corporation responsible. From the report of the case of *Bishop & Parsons*, it does not appear what were the powers, duties, and liabilities of the *Mayor and Common Council of the city of Macon* under the charter of incorporation. It may be that the city was, by positive statute, made responsible for the destruction of buildings by order of the mayor or certain other officers, in which event the decision would harmonize with the case of *The Mayor, &c.,* v. *Lord*, above referred to. But without some provision in the charter, or some statutory enactment, imposing the liability upon the city, I do not see how that decision can be sustained. I cannot coincide with it, without abandoning my views of the limitation of the powers of municipal corporations.

The result is, that there was no authority conferred by law on the Alcalde and Ayuntamiento to destroy the building of the plaintiff, and that, consequently, their act, being beyond the scope of their authority, is not binding upon the municipality, and creates no liability.

The judgment is accordingly reversed.