## BAKER a. THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas ; Special Term, June,* 1859.

NEW YORK CITY.—BOARD OF SUPERVISORS.—MOTION.

The city corporation and the county organization of New York are distinct and independent of each other ; and the Board of Supervisors have no authority to interfere to prevent payment of a judgment obtained against the city.

Motion to vacate judgment.

The plaintiff in this action having a claim against the city corporation for goods sold, and materials furnished, and services rendered, presented his bills therefor to the supervisors, who referred them to a committee for audit and examination. The amount which was claimed was $3436.54. The committee

Baker a. The Mayor, &c., of New York.

audited and allowed the bills at $1577.57, deducting and reject-
ing the rest. The Board of Supervisors passed a resolution
directing the payment of the amount allowed, and this resolution
was approved by the mayor, on the 20th of December, 1858.
On the next day the plaintiff commenced this action against the
corporation, and his complaint stated the same demand as that
which he had presented to the Board of Supervisors. He ob-
tained judgment by default for the full amount claimed.

Counsel for the Board of Supervisors acting under direction of
a resolution of the board approved by the mayor, now moved to
set aside the judgment upon allegations that the prices charged
by the plaintiff were excessive; and that there was a good de-
fence to the action.

*A. R. Lawrence, Jr.*, for the motion.—I. This court has com-
plete control over its process, and over all proceedings taken
before it, and it is bound to interfere if it perceives that the same
are used for purposes which are not consistent with justice.
(*Broom's Max.*, 112, 3d ed.; Wade a. Simeon, 13 *Mees. & W.*,
647; Lowber a. the Mayor, 5 *Abbott's Pr. R.*, 487.)

II. It is apparent that the proceedings and process of this
court will be used for purposes not consistent with justice, if the
judgment is allowed to stand; because they will operate upon
and affect parties who have had no opportunity of being heard
upon the merits of the claim set forth in the complaint, and who
conceive that if they were allowed such opportunity they would
be able to successfully resist the greater portion of such claim.

III. The applicants are entitled to be heard upon the claim
set forth in the complaint for the following reasons:

1. The articles for which the plaintiff claims compensation,
were furnished under the direction of the clerk of the county
acting as a county officer, and the demand created in favor of the
plaintiff by such directions was a county charge. (See 1 *Laws
of* 1857, i. 598.)  2. The applicants have the sole power of taxa-
tion in the county of New York, and are obliged to raise by
taxation the money which is necessary for the purpose of defray-
ing judgments against the Mayor, &c., of New York, the de-
fendants. (*Laws of* 1859, 1126, *ch.* 489.) The applicants are
not, however, bound to raise money for illegal purposes, and
they have a right to inquire whether the money for which they

are asked to tax the inhabitants of the city and county is required for a legal demand. 3. If the judgment is allowed to stand, the duty of providing for its payment will necessarily fall upon the applicants, because the defendants have no income out of which it can be satisfied, the whole of that income—other than that portion which is derived from taxation—being appropriated to the sinking fund by law. (*Davies' Laws*, 892, 893.) 4. There is a good and substantial defence to a large portion of the claim. 5. If the judgment is permitted to stand, then this consequence will follow, that every person who has charged the county extortionate or unfair prices for articles supplied to it, will be able to sue the corporation, and thus indirectly compel a payment which he could not obtain directly. 6. The applicants are the only parties who have access to the sources from which the facts, constituting a defence to the plaintiff's claim, can be derived. The defendants had no means of ascertaining the grounds of defence which were in the possession of the applicants. 7. By the Revised Statutes (1 *Rev. Stats.*, 5th ed., 848), the Board of Supervisors have power to reject a claim, if, in the opinion of the supervisors, sufficient reasons are not presented for its allowance. (People *a.* Supervisors Dutchess, 9 *Wend.*, 508 ; Brady *a.* Supervisors New York, 2 *Sandf.*, 460, 472 ; see Huff *a.* Knapp, 1 *Seld.*, 67, per McCann, J.) The law constitutes the Board of Supervisors a tribunal to which all persons having claims against the county must submit such claims for audit, examination, and allowance, and it allows no appeal from their decision. (2 *Sandf.*, 472.) The claims in question were county charges, if legal at all. (1 *Laws of* 1857, 598.)

IV. The plaintiff never had any legal claim against the Board of Supervisors for a greater amount than the sum at which they audited his bill. (1 *Rev. Stats.*, 848, 5th ed.) The amount which the board fixed was the legal claim, and he was prohibited by law from recovering, in any form, from the taxable inhabitants of the county a greater amount. (2 *Laws of* 1857, 286, § 7.)

BRADY, J.—The articles, to recover for which this action was brought, were furnished by the plaintiff under and by virtue of the act of Legislature entitled, " An act to provide for a more certain canvass of votes at each election in the cities of New

York and Brooklyn," passed April 7, 1857 (1 *Session Laws*, 596), as appears by the certificate of the county clerk. The fourth section of that act makes it the duty of the clerk of the county to provide each election poll in the· cities of New York and Brooklyn with proper blank stationery, sealing-wax, and light, at the expense of the county, and thus the charge for the articles to be·provided is made a county charge. It is the duty of the Supervisors to examine, settle, and allow all accounts chargeable against the county (1 *Rev. Stats.*, 366 ; The People *a.* Edmond, 15 Barb., 259 ; Brady *a.* Supervisors, 2 *Sandf.*, 460 ; People *a.* Supervisors of Dutchess County, 9 *Wend.*, 508), and this power implies an exercise of judgment and discretion, and involves the right to reject for sufficient reasons (The People *a.* Supervisors of Dutchess County, *supra*), but their powers are specific and limited in their character (see titles 2 and 4 of chap. 12, part I., *Rev. Stats.*, 365, 385) and can it be transcended ? ·(Chemung Canal Bank *a.* Supervisors of Chemung, 5 *Den.*, 517 ; People *a.* Lawrence, 6 *Hill*, 244 ; Hill *a.* Board of Supervisors of Livingston County, 2 *Kern.*, 52.) They related to the county, the powers of which as a body politic, can only be exercised by the Board of Supervisors, or in pursuance of a resolution adopted by them. (1 *Rev. Stats.*, 264, *ch.* 12, *supra.*) Two separate and distinct organizations exist in this county for the purpose of civil government, embracing the same territory and each embracing its appropriate functions. The powers conferred upon the city government are found in several charters granted by the crown and confirmed by the people of this State in their several conventions, and by various acts of the Legislature amending the charters. The powers of the supervisors are to be. found in the Revised Statutes of this State, and the several acts of the Legislature conferring specific powers upon them. (Per Davies, J., in the People *a.* Stout, 23 *Barb.*, 338, 241.) Prior to the act of 1857 (2 *Sess. Laws*, 285), creating the existing Board of Supervisors, the aldermen, together with the mayor and recorder, constituted the Board of Supervisors, all of which, except the recorder, were officers of the city government. But the present organization was not gifted with greater powers. These organizations being distinct and independent of each other, it follows that even if the defendants assumed without authority the payment of a debt, the Board of Supervisors, as

such, cannot control them; and it is equally clear that if the defendants suffer a judgment to be obtained against them upon a claim for which they are not liable, the Board of Supervisors, as such, cannot interfere to prevent them from paying it, or ask its review or disturbance. The Legislature have in effect so declared by the act passed April 19, 1857 (1 *Sess. Laws*, 1859, 1123), entitled, "An act to enable the supervisors of the city and county of New York to raise money by tax," and in which provision was made for the payment of the judgment in this and other cases, in providing (§ 5) that whenever the comptroller should have reason to believe that any judgment then on record against the defendants was obtained by collusion and founded in fraud, he should be authorized and required to take proper and necessary means to open and reverse the same, and to use the name of the defendants, and to employ counsel for that purpose.

The application contemplated by the section referred to, being made by persons who have no authority, therefore the motion must be denied. Ordered accordingly.