THE STATE, DUDLEY S. GREGORY ET AL., PROSECUTORS, v. MAYOR AND ALDERMEN OF JERSEY CITY.

1. The ordinance of the board of aldermen of Jersey City, of June 21st, 1870, fixing salaries of corporation officers, so far as it authorizes and provides for an annual salary to each alderman, held to be without authority under the charter, and illegal and void.

2. The ordinance, as passed, not having been introduced at a previous stated meeting, held to be invalid on that ground.

On *certiorari*, to remove ordinance, &c.

Argued at November Term, 1870, before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For prosecutors, *Dixon.*

For defendants, *Ransom.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The aldermen of Jersey City, by an ordinance fixing salaries of corporation officers, passed June 21st, 1870, among other things, provided for themselves each an annual salary of $1,200, thereby taking in the aggregate from the city treasury about $40,000.

This *certiorari* is prosecuted by the relators, who are taxpayers in said city, to set aside so much of said ordinance as provides compensation to said aldermen.

The principal reasons relied upon by the relators are:

*First.* That the board of aldermen had no legal power or authority to ordain any salary or compensation to themselves.

*Second.* That if such power is conferred upon them by the city charter, it was not pursued in such way as to make said ordinance valid.

"The powers of a corporation are, strictly speaking, twofold: those that are derived from express grant, and those that are incident and necessarily appertain to it, whether expressed in the grant or not." *Leggett* v. *The New Jersey M. & B. Co., Saxton* 541; *State* v. *Morristown*, 4 *Vroom* 58.

No custom or usage is shown which will enable those who are in control of the affairs of corporations in this state to appropriate to themselves the funds of which they are the trustees, for services in the ordinary discharge of their official duties.

Authority for it must be found under the incidental powers of the municipality or those powers added by express legislation.

In the exercise of legislative functions under the inciden-
tal powers of the corporation, the common council are lim-
ited and restricted by the rule that their action shall not be
repugnant to the laws of the state. "One of those laws
derived from the common law is, that the ordinance shall be
reasonable; and it belongs to the court to determine what is
reasonable." *Kip* v. *Paterson*, 2 *Dutcher* 298.

The claim of unlimited right to ordain themselves com-
pensation is undoubtedly an unreasonable one, and therefore
cannot be numbered among their incidental powers, as essen-
tial to enable them to provide for the proper government of
the city.

The ordinance is illegal unless it rests upon the sanction of
positive enactment.

That the legislature might clothe the board of aldermen with
such power as they claim to have exercised is not questioned,
but the actual delegation of the power is denied.

The charter consolidating Jersey City, Hudson City, and
Bergen, approved March 17th, 1870, in its sixth section enu-
merates the various city offices to be filled by election or
appointment, and provides a fixed salary for the mayor, city
judge, treasurer, comptroller, clerk, overseer of the poor,
corporation counsel, corporation attorney, street commission-
ers, city surveyors, and assessors, without providing whether
or not the other officers in that section named (among whom
are aldermen,) shall receive compensation.

Section one hundred and ninety-six enacts "that the alder-
men shall have power to fix the salary, pay, or compensation
of all officers, both elected and appointed, by general ordinance,
except those fixed in this act," &c.

It is insisted that the term "all officers" in this section
includes aldermen, and that, therefore, they have power to
determine their own salaries, as well as those of other officers
whose compensation is not fixed by the sixth section.

A corporation having municipal jurisdiction involving the
administration of justice, has a right to the services of any
of its members, and may enforce such service by suitable

ordinances.   *Wilcock on Corporations* 71; *Angell & Ames*, § 352, *and cases cited.*

The mere fact, therefore, that the members of common council of a municipal corporation render valuable services in the discharge of the duties of their official position, gives them no right to compensation.

Such right, if it has existence at all, must rest upon some clear provision of the charter under which they are elected.

They cannot give away or appropriate the funds of their corporation, but are strictly limited to the exercise of those powers which are specifically conferred upon them, or such as are necessary to carry into effect the powers expressly given. *Commissioners of Northern Liberties* v. *Gas Co.*, 12 *Penn. St.* 318; *Loan Association* v. *Stonemetz*, 29 *Penn. St.* 534; *N. Y. & N. H. R. R.* v. *Ketchum*, 27 *Conn.* 170; *Hodges* v. *City of Buffalo*, 2 *Denio* 110; *Charles River Bridge Co.* v. *Warren Bridge*, 11 *Peters* 545.

A legislative grant of power of a character so extraordinary as that which would enable the servant to fix his own remuneration, must be carried in express words, or, at least, in language which will not admit of any other reasonable construction. In the absence of such clear terms it cannot be presumed that the legislature intended to do an act as unwise as it is unusual and anomalous.

Any ambiguity in the grant should be construed against the officer, and in favor of the public.

This rule will be in harmony with that which has been applied to other legislative grants affecting the public. *Stombridge Canal* v. *Wheeley*, 2 *B. & Adolphus* 793; 11 *Peters* 545; 6 *Peters* 452.

In the charter of Jersey City there is no express provision that the aldermen shall receive pay for the performance of their duties, but their right to compensation is based wholly upon the fact that they are not expressly excepted in section one hundred and ninety-six from those officers whose compensation may be fixed by common council.

This section will bear an interpretation inconsistent with

the present claim of the defendants, and it will do no violence to its language to hold that it applies to all officers other than the aldermen themselves.

The fifty-third section of the charter supports this view by declaring " that no alderman or other officer of the city, whether elected or appointed, shall, during the period for which he was elected, be appointed to, or be competent to hold any other office, the emoluments of which are paid from the city treasury," thus manifesting a clear intention to debar the aldermen from holding any office, the emoluments of which might be regulated by their own action.

The charter of Jersey City of 1851, (*Laws of 1851, p. 392,*) in its seventy-first section, gives the common council power to fix the compensation of all officers, " except the aldermen," and these words " except the aldermen " are omitted in section one hundred and ninety-six of the charter of 1870.

If the present charter was a revision of the charter of 1851, there would be much force in the argument that the exception was omitted for the specific purpose of enabling the aldermen to fix their own compensation; but the charter of 1870 is an act to consolidate the cities of Jersey City, Hudson, and Bergen, having no connection whatever with the charter of 1851, and it cannot be presumed that its provisions were framed with any reference to that enactment, or that any legislator made any comparison of the two acts.

Whatever may have been the purpose of the draftsman of this act, it is necessary, for the protection of the public, to adopt a rule of construction which will not recognize a grant of such power under covert or doubtful terms.

But even if there had been an expression of power, it has not been exercised in conformity with the requirements of the city charter.

Section forty-eight provides "that no ordinance or by-law shall be enacted or passed by the said aldermen unless the same shall have been introduced before the aldermen at a previous stated meeting, and, upon its passage, agreed to

by at least two-thirds of all the members of the aldermen elected."

This ordinance was introduced May 31st, 1870, and amended and passed June 7th, 1870.

It was vetoed by the mayor June 11th, the veto message laid before the aldermen at their meeting June 14th, and the ordinance passed over the veto June 21st, 1870. The ordinance, as amended and passed June 7th, differed substantially from that introduced originally on the 31st of May. It increased the allowance to the city clerk for clerk hire $1,500; it added $200 to the salary of the sergeant-at-arms; $500 to that of collector of revenue; $300 to city treasurer; $500 to police justices; $600 to school superintendent, and gave to each assistant overseer of the poor (for whom the original ordinance provided no compensation,) a salary of $500.

The ordinance, as passed June 7th, had not been introduced at a previous stated meeting.

The object of the provision requiring such previous introduction would be wholly frustrated if an ordinance could be so materially amended and passed at the same meeting and its sanction might in all cases be evaded under the guise of an amendment.

The aldermen, after a week's consideration and consultation with their constituents, might have been unwilling to burthen the city treasurer with the proposed increase of salaries, or in case they had felt it to be their duty to increase the compensation of others, they might have reduced their own.

Judicial decision in this state has exacted a strict pursuit of power delegated by the legislature to municipal corporations. *State* v. *Jersey City*, 1 *Dutcher* 309; *State* v. *Newark*, 1 *Vroom* 303; *State* v. *Bergen*, 4 *Vroom* 39.

In the case last cited, the charter of Bergen required every ordinance to be introduced at a previous stated meeting. The ordinance brought up for review was introduced at a regular meeting August 27th, 1866, and at a subsequent

meeting September 17th, it was amended by striking out the name of one commissioner and inserting another, and then adopted.

Justice Elmer, in delivering the opinion of the court, holding the ordinance to be illegal for this reason, says: " A change hastily made at a meeting, without having been previously introduced, would defeat the precise object of the charter, which was to secure deliberation in every important proceeding."

The conclusion is, that so much of the ordinance passed by the board of aldermen of Jersey City, June 21st, 1870, as the *certiorari* in this case subjects to our adjudication, is illegal, and should be set aside—first, because there was a want of power to pass it; second, the ordinance, as passed, was not introduced at a previous stated meeting.

Order accordingly.

CITED *in State, Kean, pros.*, v. *Bronson*, 6 *Vr.* 472.