7h 448
52ad582

LIZZIE GAMBLE, RESPONDENT, *v.* THE VILLAGE OF WATKINS, APPELLANT.

*Municipal duties — entertaining visitors not within the scope of*

In an action brought to recover for meals and lodging rendered by the proprietors of a hotel, in entertaining a party of representatives of the press, the entertainment having been authorized and directed by the board of trustees of the defendant, by resolution duly passed by the board acting as such: *held,* that such entertainment was not a duty for which the municipality was created, and for a debt contracted therefor it was not liable.

APPEAL from a judgment of the County Court of Schuyler county, affirming a judgment in favor of the plaintiff rendered by a justice of the peace.

The action was brought to recover for meals and lodgings furnished by Gamble & Richardson, proprietors of one of the hotels in Watkins, in entertaining a party of representatives of the press, and directed to be so furnished by the board of trustees of defendant, by resolution duly passed by the board acting as such. The demand, on which the action was brought, was assigned to the plaintiff by Richardson, the surviving partner.

*Hurd & Fletcher*, for the appellant.

*B. W. & C. M. Woodward*, for the respondent.

*Per Curiam :*

The defendant's motion for a nonsuit, on the ground that plaintiff had failed to make out a cause of action, is sufficient to present here the question as to the power of the defendant to contract the alleged debt. This goes to the merits of the action, and does not raise an objection which further proof might have obviated.

We think that the defendant had no power to appropriate money for the entertainment of a company of editors visiting the place. (*Hodges* v. *Buffalo*, 2 Denio, 110.) That is not a duty for which the municipality was created. It is said that the expenditure has been repaid by the effect on the village of subsequent editorial puffs. But it is not proper for village trustees to hire editors to praise the attractions of the place.

If it had been shown that the editors were paupers, then, under the duty of a village to take care of the poor, there might have been some propriety in keeping them from starving.

The judgment appealed from should be reversed with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment of County Court and of justice of peace reversed with costs.