WARREN S. SILLCOCKS and JOSHUA S. COOLEY, Appellants, *v.* THE MAYOR, Etc., OF THE CITY OF NEW YORK, Respondent.

*Common council of New York — gold badges for members — Contract for, ultra vires.*

The common council of the city of New York had, in 1870, no authority, either express or implied, to direct the purchase of gold badges for the members of the common council as insignia of office.

Appeal from a judgment in favor of the defendant, entered upon the dismissal of the complaint at the Circuit.

The action was brought to recover the price of forty-nine gold medals, at $100 apiece, furnished to the members of the common council of the city of New York in 1870, in pursuance of a resolution of the common council directing their purchase by the clerk. The complaint was dismissed at the Circuit upon the ground that no contract therefor had been awarded upon proposals invited by public advertisement, and no previous appropriation covering, the expense of the purchase was proved.

*John H. Strahan*, for the appellants.

*D. J. Dean*, for the respondent.

BRADY, J.:

Notwithstanding the able argument of the appellant's counsel, we think the judgment entered herein must be affirmed. The powers possessed by the common council are those conferred by charters and special laws, and expressed or implied. It does not appear that a gold badge was necessary in order to enable a member of the common council to perform his official functions, and the expense incurred for that purpose was *ultra vires,* and, therefore, entailed no liability upon the defendants.

No provision having been made by express enactment for such a purchase, its necessity alone could warrant a resolution to procure it.

The contracts of a municipal corporation for an object not essentially necessary, and not comprehended by, nor within the power of the municipality itself to make, cannot be enforced. (*Hodges* v. *Buffalo,* 2 Den., 110 ; *Gamble* v. *Watkins* 14 N. Y. S. C. R., 448.)

If it were otherwise, then personal expenditures under the guise of corporate necessities could be made for a variety of purposes, having in fact no relation to the municipality or the discharge of the duty of any of its members.

The judgment must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.