By the Court.—Speir, J.
The plaintiff claims to recover from the defendants for the use and ©occupation of the premises in question for the four quarters of the year, from November 1, 1876 to November 1, 1877, as a tenant holding over after the expiration of a *381 lease; that the defendants were made liable for the rent of the premises, and that the liability continued under the Revised Statutes relative to tenants holding over.
As the answer puts in issue by a positive denial, the lease claimed to have been executed by them, the first question presented on the threshold of the case is, was any such lease executed ? The plaintiff, to prove the lease, gave evidence that he was the owner of the premises for a term of years ; that he received from his authorized agent a lease of the premises, executed by the mayor in behalf of the city, hiring them for one year from May 1, 1872, at $2,000 a year. The authority for executing the lease consisted of a 'resolution passed by the board of supervisors, May 13, 1872. At that time a lease on behalf of the city could only be authorized by a resolution of the common council, its legislative body. The board of supervisors could act only in behalf of the county of ¡New York, and could not legislate in behalf of the city, which is a corporation independent and distinct from the county (People v. Stout, 23 Barb. 338; Baker v. Mayor, &c., 9 Abb. Pr. 82).
It will not be claimed by the plaintiff’s counsel that any liability is incurred by the defendants under the Revised Statutes, by holding over, unless the tenant took possession under a lease legally made, and continued in possession thereunder by permission of the defendant, without notice. The lease was not lawfully executed by any one having authority. Conceding that the resolution was sufficient to authorize a hiring of the premises in behalf of the county, and that the city has become liable for the debts of the county, the authority, by the resolution, limits the hiring to a term of one year from May, 1872, and does not authorize the recorder to occupy the premises beyond that time. The recorder has no authority, by his own inde *382 pendent act, to impose liability upon the city (Board of Supervisors of Richmond County v. Ellis, 59 N. Y. 620). The legislature has distinctly defined the conditions upon which the indebtedness against the corporation can be established. Again, the power to lease real estate for corporate purposes is limited by the 18th section of the charter, and can be exercised only through the common council, and they have no power to lease real estate for a period exceeding five years.
The main reliance of the plaintiff’s counsel is upon the proposition that those dealing with the agents of a municipal corporation have no right to presume that they are not acting within the line of their duty, and need not ascertain the nature and source of their authority. Hence the assumption that the recorder, having acquired possession of the premises for a year, either by a written or verbal lease from the board of supervisors, the obligation was continued to the mayor, aldermen, and commonalty, and they therefore became liable for this holding over. The first answer to this is, that there was no authority for the original possession, and the statute relating to the doctrine óf holding over has no application. The second answer is, that it is fundamental that those dealing with the agents of a municipal corporation must take care to learn the nature and extent of their authority (Hodges v. Buffalo, 2 Denio, 110).
There is no presumption of assent on the part of the corporation, in the resolution relied upon, that the occupation of the plaintiff’s premises was tobe continued, nor does it imply any authority existing in the recorder to hold over.
The plaintiff’s exceptions are overruled, and judgment for defendants should be entered on the verdict, with costs.
Sedgwick, J., concurred.