JOHN BRENNAN, Appellant, *v.* THE CITY OF ALBANY, Respondent.

(County Court, Albany County, March, 1910.)

Municipal corporations — Liabilities of municipalities not based upon contract — What are wrongful acts or omissions for which municipality is liable — Liability for acts not within power of city.

  Where the city of Albany leveled off the surface of a tract of land which had been used by it for dumping refuse and rolled it down so as to make a base-ball field, and, by the change in the surface, at a time of heavy rain, the water was diverted from its former course and caused to flow upon the neighboring lands of the plaintiff, since the making of a base-ball field was not within the corporate powers of the city, it was not liable for the damages caused thereby.

APPEAL from a judgment of the City Court of Albany.

Dugan & Cooke, for appellant.

Arthur L. Andrews, for respondent.

ADDINGTON, J. This is an appeal from a judgment of the City Court of Albany, dismissing plaintiff's complaint.

The action was brought by the plaintiff for injury to and destruction of property occasioned by the overflow of surface water alleged to have been caused by the fault and negligence of the defendant. It appears that Van Woert street, which runs east and west in said city, was paved with brick pavement to the property of George Stubbing, known as No. 126 Van Woert street, which is the fourth lot west of the premises leased by plaintiff.

A tract of land west of the Stubbing lot and on the south side of Van Woert street was, for some years prior to 1907, used as a dumping ground for ashes and other material. Van Woert street west of the Stubbing property is not paved or graded, but is an unimproved roadway, used by vehicles going to the Northern Boulevard, to the west, to which said street extends.

It was conceded on the trial that the record title to said dumping grounds was not in the defendant.

The dumping ground was surrounded by hills to the west, south and north; and, before the land was used as a dumping ground, it was practically level; and near the northeast corner of said dumping ground, and in Van Woert street, there was a receiving basin leading to a sewer. At various times while said land was used as a dumping ground, employees of the city were there and directed the dumping of dirt, etc.

In 1906, employees of the defendant leveled off the dumping ground, from the hills on the southerly side to Van Woert street on the north and several hundred feet east and west, and rolled the ground, and it was then used as a base-ball field. After the erection of the base-ball field, dumping was continued to the west, and also to the northeast of said ground, and within seventy-five feet of the said receiving basin.

On the 7th day of November, 1907, when there was a heavy fall of rain, the water accumulated on the ball field and ran in and upon the premises of the plaintiff and damaged his property, for which damages this action is brought. It was stipulated that, if plaintiff was entitled to recover anything in this action, he was entitled to recover the sum of sixty dollars.

That the plaintiff was injured by the water coming on his premises on the 7th day of November, 1907, is conceded. The flow of the water on plaintiff's premises was undoubtedly caused by the dumping on the grounds west of plaintiff's premises, and the leveling off and rolling of part of the ground for use as a ball field. The dumping was superintended by employees of the city, and the defendant also laid out the ball field; all of which was done on property, the title of which it did not have, and over which it had no dominion, except such as it assumed.

The erection of a ball field was not a function of the government of the city, nor was any of the work it did on said private property. All of its acts on said property, as appears from the evidence, were *ultra vires;* and, therefore, it is not liable for the damages sustained by plaintiff.

" If it were *ultra vires* in such sense as not to be within the scope of the corporate powers of the defendant, the latter would not be answerable for the consequences resulting from it, although the persons causing the work to be done were its officers or agents, and assumed to act as such in doing it." Stoddard v. Village of Saratoga Springs, 127 N. Y. 261, 267, citing Mayor v. Cunliff, 2 N. Y. 165; Smith v. City of Rochester, 76 id. 506.

The acts the defendant did on the lands in question were not necessary for the proper maintenance and care of the streets and sewers in the vicinity and were done without any authority in law. If the defendant was the owner of the premises, or if the city had authority to do some act on said premises and then digressed from said work it was authorized to do, a different situation would be presented, and the cases cited by the appellant would be applicable.

In the case of Stoddard v. Village of Saratoga Springs,

*supra,* part of the work performed was within the corporate power of the village, but in connection with said work it exceeded its authority, and the court says: "It was legitimately within the corporate power of the defendant to construct sewers; and it may be that, in attempting to execute it, the constituted authorities went to some extent beyond the authority conferred upon the corporation and them as its officers * * *; and thus acting the defendant may be chargeable with the injury to others resulting from their failure to properly perform the duty which they assumed to discharge, although it may have been occasioned by irregularity or acts on their part in excess of authority."

Dillon, in his work on Municipal Corporations, says: "Cases such as those just mentioned are to be distinguished from others which resemble them in the circumstance of relating to wrongful acts, but which arise out of matters or transactions within the general powers of the corporation, and in respect of which there may be a corporate liability. Thus, if in exercising its power to open or improve streets, or to make drains and sewers, the agents or officers of a municipal corporation, under its authority or direction, commit a trespass upon, or take possession of, private property, without complying with the charter or statute, the corporation is liable in damages therefor." 2 Dillon Mun. Corp., § 971 (769) p. 1187.

"The act was done for the corporation, in the promotion of a proper and lawful enterprise prosecuted by it, and under its general authority, and that has been held to be sufficient to render it liable for the consequences of a deviation from the strict line of such authority." Peters v. Mayor, 8 Hun, 405, 408, citing Lee v. Village of Sandy Hill, 40 N. Y. 442.

"With respect to actions against a corporation sounding in tort, it is laid down that the corporation is liable for a tortious act, as a trespass, committed by an agent pursuant to its directions, *in relation to matters within the scope of the objects of its incorporation;* but not for any unauthorized acts of its officers, though done *colore officii.*" Book v. City of Utica, 2 Barb. 104, 108. See also Hodges v. City

of Buffalo, 2 Den. 110; Swift v. City of Williamsburgh, 24 Barb. 427; Boyland v. Mayor, 1 Sandf. 27.

" The rule is laid down in Angell and Ames, generally, that as natural persons are liable for the wrongful acts and neglects of their servants and agents done in the course and *within the scope of their employment,* so are corporations upon the same grounds, in the same manner, and to the same extent." Lee v. Village of Sandy Hill, 40 N. Y. 442, 447.

No notice of intention to bring the action was served on the corporation counsel of the defendant by plaintiff, as is provided for by the charter of cities of the second class, which was one of the grounds of defendant's motion for a dismissal of the complaint. It is contended by the appellant that, as the damages which he alleged he sustained occurred before said charter went into effect, he was not bound to serve such notice. As the judgment of the City Court of Albany must be affirmed for the reasons heretofore stated, it is not necessary to consider this question of notice.

The judgment of the City Court of Albany is affirmed, with costs.

Judgment affirmed, with costs.