## DOYLE v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. STATUTES (§ 188*)—CONSTRUCTION—MEANING OF LANGUAGE.

Unless the object sought to be attained, or the manifest purpose of a statute otherwise requires, the language thereof should receive its natural and ordinary signification.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 266, 267; Dec. Dig. § 188.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—DEFECTIVE STREETS—ACTIONS—NOTICE.

Laws 1906, c. 473, § 224, providing that a city shall not be liable for injuries to the person unless a claim in writing shall within three months after the accident be presented to the common council and served on the mayor or city clerk, and notice of intention to sue be served upon the corporation counsel, nor unless an action shall be commenced within one year after the accident, though superseding Laws 1886, c. 572, providing that the notice of intent to commence an action must be given within six months after the cause of action, does not require that the notice of intention to sue shall be served on the corporation counsel within three months.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 812.*]

Appeal from Rensselaer County Court.

Action by Martin J. Doyle against the City of Troy. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Cornelius Hannon, for appellant.

G. B. Wellington, Corp. Counsel, for respondent.

COCHRANE, J. This is an action to recover damages because of the alleged negligence on the part of the defendant in permitting one of its public streets to remain in an unsafe condition for public travel whereby the plaintiff was injured. The accident occurred on the 31st day of March, 1908. On the 8th day of April, 1908, a claim for damages as required by section 224 of chapter 473 of the Laws of 1906, known as the "Uniform Charter of Cities of the Second Class," which went into effect January 1, 1908, and which is applicable to the city of Troy, was served on the city clerk of the city, and on the 16th day of April was duly presented to the common council. Notice of intention to commence this action was served upon the corporation counsel July 9, 1908, more than three months after the happening of the accident. The county judge dismissed the complaint because such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice was not served upon the corporation counsel within three months.

Said section 224 of the Uniform Charter of Cities of the Second Class, so far as applicable to the question now under consideration, reads as follows:

"The city shall not be liable in a civil action for damages or injuries to person or property * * * unless a claim therefor in writing * * * shall within three months after the happening of the accident or injury, * * * be presented to the common council and served upon the mayor or city clerk, and notice of intention to commence an action thereon be served upon the corporation counsel, nor unless an action shall be commenced thereon within one year after the happening of such accident or injury or the occurrence of such act, omission, fault or neglect; but no action shall be commenced to recover upon or enforce any such claim against the city until the expiration of three months after the service of said notice upon the corporation counsel."

In behalf of the plaintiff it is contended that chapter 572 of the Laws of 1886, providing that notice of an intention to commence the action be given to the corporation counsel within six months after the cause of action shall have accrued, was not repealed either expressly or by implication by said Uniform Charter, and that such notice in the present case having been given to the corporation counsel within six months, as provided by the act of 1886, was sufficient. The act of 1886, except so far as it applied to the city of New York, is included in the schedule of laws repealed in the general municipal law being chapter 29 of the Consolidated Laws as passed in 1909. Viewed merely as a repealing act, such repeal could not, of course, affect this action previously commenced; but as the purpose of the Consolidated Laws was not to create new legislation, but to systematize and codify existing legislation, such repeal of the act of 1886 would seem to be indicative of the legislative understanding that said act had been previously repealed except so far as it applied to the city of New York. In the Consolidators' notes to said schedule of repeals as contained in Birdseye's, Cumming & Gilbert's Consolidated Laws, vol. 2, p. 2160, it is said of the said act of 1886:

"So far as this statute applies to cities of the second class it is superseded by L. 1906, ch. 473, section 224 (Uniform Charter Cities of the Second Class), and so far as it applies to the city of Buffalo by L. 1901, ch. 105, sections 15, 16 (Revised Charter). This leaves the statute applicable only to the city of New York and special in its effect."

Assuming that the act of 1886 was superseded by said section 224 of the Uniform Charter, I think nevertheless that the notice to the corporation counsel was served in due time. I cannot agree with the learned county judge in his interpretation of said section 224 above quoted. The claim presented to the common council and to the mayor or city clerk is required to be prepared with much detail and must, of course, be presented and served within three months. The words "shall within three months after the happening of the accident or injury" in my opinion apply only to the claim which is to be presented to the common council and served upon the mayor or city clerk, and do not qualify or apply to the notice of intention to commence an action which is to be served on the corporation counsel. Such is the natural

import and meaning of the phraseology employed. Such clause, "shall within three months after the happening of the accident or injury," is found in the midst of the provisions concerning the claim to be presented to the common council and served upon the mayor or city clerk, and must be taken from the context where found and transposed to another part of the section in order to make it qualify and apply to the notice of intention to commence an action which is to be served upon the corporation counsel. If it had been intended that the three months' limitation should apply to this latter notice, the words "within three months after the happening of the accident or injury" would naturally and rhetorically be placed elsewhere in the section so as to make such meaning clear, or other apt language would be used to convey that idea. Statutes, of course, do not always convey their meaning by the use of most artistic language or approved rhetorical or grammatical methods; but, unless the object sought to be attained or the manifest purpose of the statute otherwise requires, words and sentences should receive their natural and ordinary signification, and not one which is forced, strained, or subtle. McCluskey v. Cromwell, 11 N. Y. 593, 601; People ex rel. Kemp v. D'Oench, 111 N. Y. 359, 18 N. E. 862; City of New York v. Wineburgh Advertising Company, 122 App. Div. 748, 753, 107 N. Y. Supp. 478.

No genuine advantage accrues to the city and no useful purpose is subserved by giving to this statute a forced or strained construction or by extracting therefrom any meaning other than such as the plain phraseology of the statute itself suggests. The rights of the city are fully protected. The claim with minute particulars and duly verified must within three months be brought to the knowledge of the legislative body and the chief executive officer of the city. The city thereby acquires full knowledge of the details of the claim. The claimant must bring his action within one year after the accident and must at least three months before doing so give to the corporation counsel notice of his intention so to do. The rights of the city are thus carefully guarded, and it acquires no additional advantage either in time or in any other respect by limiting to three months after the accident the time within which the claimant must give to the corporation counsel notice of his intention to commence an action. If he does so within three months, he nevertheless has until the expiration of a year to commence the action. Confessedly before the Uniform Charter of 1906 the claimant had under the act of 1886 six months within which to give the corporation counsel notice of his intention to commence the action. If it had been the purpose of the Legislature to reduce this time limitation from six months to three months, I think such intent would have been clearly manifested. As stated, no substantial advantage is derived by the city in shortening the time in view of the other limitations that the action must be commenced within one year, and not until three months after notice to the corporation counsel, and I think it was the purpose of the Legislature to enlarge, rather than to restrict, the time within which the notice of an intention to commence the action might be given to the corporation counsel. The construction which I have thus placed upon this statute seems to me to comport

more nearly with the natural and ordinary meaning thereof and to be more consonant with the legislative purpose. It deprives the city of no benefit and places it at no disadvantage in respect to the claimant except to deprive it of the unmeritorious advantage of defeating his claim on the technical ground that he has not earlier threatened the city with litigation, notwithstanding that he has speedily apprised the city of the full particulars of his alleged injury.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.