## BRENNAN v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 1034*)—ACTIONS—DEFENSES—ULTRA VIRES—PLEADING.

Where the defense of ultra vires is interposed by a municipal corporation to a contract obligation, it must be pleaded to be available.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2203–2205; Dec. Dig. § 1034.*]

2. PRINCIPAL AND AGENT (§ 150*)—UNAUTHORIZED ACTS OF AGENT.

The liability of a principal for the act of his agent, which is beyond actual authority, can be based on apparent authority only where such apparent authority has misled the other party.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 556–563; Dec. Dig. § 150.*]

3. MUNICIPAL CORPORATIONS (§ 747*)—TORTS OF SERVANTS—LIABILITY.

Where private land was lawfully used by a city for a dumping ground, it was liable for the negligence of its employés in so piling refuse that surface water which would otherwise have escaped through a sewer flowed onto and damaged adjoining property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1570–1577; Dec. Dig. § 747.*]

4. MUNICIPAL CORPORATIONS (§ 1021*)—ACTIONS AGAINST—NOTICE—STATUTES—CONSTRUCTION.

Laws 1906, c. 473, section 224 of which required notice of a claim against a city for damages to property to be given as a condition precedent to an action for such damages, did not take effect until January 1, 1908. Section 228 provided that the repeal of any law should not affect any right accruing prior to the time when the act took effect, etc.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held*, that section 224 did not apply to causes of action accruing before it took effect.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2193; Dec. Dig. § 1021.*]

Appeal from Albany County Court.

Action by John Brennan against the City of Albany. From a judgment of the County Court (see 67 Misc. Rep. 42, 121 N. Y. Supp. 895) affirming a judgment of the City Court dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Dugan & Cooke, for appellant.
Arthur L. Andrews, for respondent.

SMITH, P. J. Upon the south of Van Woert street just east of Lark street in the city of Albany is a vacant lot. Upon the northeast corner of that vacant lot the land is low, and around the lot there is highland. This lot forms a basin upon which surface waters therefrom are collected. While the evidence is not entirely clear, it would appear that formerly these surface waters, as well as flood waters, were taken care of by a drain from the northeast corner of the lot. Thereafter the sewer in Van Woert street was extended, and an opening was left so that the surface and flood waters flowed into this sewer. This was afterwards built up and a grating put upon the top constituting a catch-basin, which would take care of all the surface and flood waters flowing into this natural basis in ordinary floods. At some time this lot began to be used as a dumping ground for refuse from different parts of the city. The city itself dumped refuse there, and thereafter an employé of the city was put in charge of this dumping ground and directed where the loads should be dumped and leveled off the piles caused by such dumping. About three years before the injury complained of, the city employés leveled off part of the lot for the purpose of a baseball ground. After leveling off of part of the land for a baseball ground the dumping upon the lot was mostly done upon the westerly side away from this catch-basin; but some dumping was done upon the easterly side of the lot and was so done under the direction of employés of the city that the surface and flood waters flowing upon the lot were unable to reach this catch-basin, and by reason of the obstruction thus formed surface and flood waters which resulted from a storm November 7, 1907, flowed upon the plaintiff's land and caused the injury for which this action is brought.

I am unable to see that the leveling off of the ground for the playing of baseball constitutes any factor in this problem. There is no claim that this constituted any obstruction to the water in its course to this catch-basin. On the contrary, the claim is that by the rolling down and packing of the ground there was less absorption, so that more water would naturally reach the catch-basin than if the ground had been left unpacked and loose. There is no question, however, that if the water could have reached it the catch-basin was sufficient in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

size to have taken care of it. The mischief lay in the obstruction of the course of the water after it flowed over the ball ground, by reason of the piles of refuse which had been dumped around the catch-basin. The catch-basin itself was at all times unclogged and was never over-run. The title of this lot was not in the city of Albany.

The learned county judge has held that all the acts of the city upon this lot, whether in the preparation of the field for the playing of base-ball or in directing where the dumping should be made and leveling off the ground, were unauthorized acts, and for injury resulting therefrom the city cannot be held liable.

Before discussing this question, one or two preliminary questions deserve mention. Plaintiff contends that the defense of ultra vires is not available to the defendant because not pleaded. That is true where such defense is interposed to a contract obligation. Where, as here, however, the plaintiff is required to show some act of the defendant as a ground of defendant's liability in tort, he must show an authorized act, or an act incidental to an authorized act. Again: It is not a question of apparent authority. The liability of a principal for the act of his agent, which is beyond actual authority, can be based upon apparent authority only where such apparent authority has mis-led the other party.

If these acts were done upon land belonging to the city, the liabil-ity of the city would be undoubted. If the land were lawfully leased by the city for the purpose of a dumping ground, the liability of the city would still be clear. The acts of ownership exercised by the city over the land so notorious as to imply permission of the real owner showed at least possession, and with possession, if for a lawful pur-pose, the negligent use of the land so as to obstruct the flood chan-nels would render the city liable to one damaged by such negligence. The ultimate question for decision then is: Was the city authorized to lease land for a dumping ground for its own refuse and that of the citizens? If so it might through its employés lawfully regulate the dumping thereupon, and for its negligence the city is liable. That the city was the owner of the waterworks is fairly inferable from the fact that the refuse ashes were drawn away in city carts. For that refuse, as well as for the refuse from its streets, some dump-ing ground must be provided. It is not necessary to decide that the city may lawfully provide a general dumping ground. The fact that others were allowed to use the same dumping ground as was used by the city may have been a consideration of the permission given by the owner to the city to use the land for its refuse. In any event, it does not take away from the city the duty to properly care for the land of which it took possession for any lawful purpose. The pos-session of the city then was for a lawful city purpose, and it follows that the negligence of the city's employés while using the same was the city's negligence for which it is liable. The question is not the same as under a claim of negligence of policemen or firemen. These are governmental agencies to which different rules of law apply.

Defendant further contends that plaintiff has forfeited his right to sue by a failure to give notice of intention to sue within three months

after the accident, as provided in section 224 of chapter 473 of the Laws of 1906. This accident occurred in November, 1907. The plaintiff confessedly has fully complied with the provisions of the act then in force to authorize the bringing of this action. Chapter 473 of the Laws of 1906 did not take effect until the 1st of January, 1908, and by section 228 of that chapter it was provided that the repeal of any law should not affect or impair any right accruing or accrued prior to the time when the act took effect. But the same might "be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such law had not been repealed." Before January 1, 1908, the right to sue existed unconditional. That right was preserved by the section cited. A similar provision was held not to be retroactive by the Fourth Department in the case of Sehl v. City of Syracuse, 81 App. Div. 543, 81 N. Y. Supp. 482. If this provision were held to apply to causes of action that arose before the act took effect, it might in many cases result in unjust restriction or denial of a plaintiff's right to sue. It would seem that if it had been so intended explicit provision would have been made that such notice as to causes of action accruing prior thereto might be given within three months after the act took effect. Without such a provision, and under the general provisions of section 228, we think the defendant's objection upon this ground should not prevail. This rule of construction is also held in Williams v. City of Oswego, 25 Hun, 36, and in Bullock v. Town of Durham, 64 Hun, 380, 19 N. Y. Supp. 635.

These views lead to a reversal of the judgment of the County Court and of the City Court and the direction for a new trial, with costs in all courts to appellant to abide the event of the action.

Judgment of the County Court and City Court reversed, and new trial granted, with costs in all courts to appellant to abide event of the action. All concur.