# THE CITY OF EAST ST. LOUIS

## *v.*

## PHILIP H. WEHRUNG.

1. MUNICIPAL CORPORATIONS—*power conferred upon—to regulate any calling or business—cannot be delegated to individuals.* Where the power is conferred upon municipal corporations to regulate any calling or business, it is so done with the intention that such power shall be exercised by the corporations, and in the mode prescribed ; and they are not warranted in delegating a discretionary authority to others, or to an individual.

2. SAME—*ordinance authorizing an officer of the corporation to exercise a power conferred upon the latter—declared void in a particular case.* By the charter of the

city of East St. Louis, the power was conferred upon the city council to regulate the selling of spirituous liquors, and by an ordinance of that body prohibiting the sale thereof, under a penalty, without a license, the city treasurer was authorized to grant licenses, and fix the amount to be paid therefor, and, with the concurrence of the mayor, to reject any application for the same. *Held*, that by such ordinance, the city council attempted to delegate their powers to an officer of the corporation, which action was unwarranted, and that a prosecution could not be maintained for any violation thereof.

3. SAME—*power—alone to be exercised by the corporation.* The manifest intention was, in conferring this power upon the city, that it should alone be exercised by the corporate body, under reasonable and proper ordinances, and any attempt to delegate such authority to others, would be unwarranted.

4. And until the city council shall, by proper ordinance under their charter, either prohibit the sale of liquor, or regulate its sale, and fix a penalty for a violation thereof, no prosecution can be maintained by the city against a person for selling liquor without a license, as the charter itself fixes no penalty for such act.

5. SAME—*power remains dormant—until properly exercised.* And this power, delegated to the city by its charter, remains dormant, until called into exercise in the mode prescribed by the charter.

APPEAL from the Circuit Court of St. Clair county; the Hon. J. GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM H. UNDERWOOD, for the appellant.

Mr. G. KOERNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action before the city judge of East St. Louis, against Philip H. Wehrung, for the violation of an ordinance of the city prohibiting the sale of spirituous, alcoholic, vinous, mixed, intoxicating, malt or other liquor or cider, without a license. After trial, the case was removed by appeal to the circuit court, and from that to this court.

The 6th section of article II, of ordinance 56, declares that "licenses may be granted under this article to proper persons, for a period of not less than one month nor more than six months, to be determined by the city treasurer in each case, but the city treasurer may, in his discretion, reject any application for license under this article for a longer period than one month, and, with the concurrence of the mayor, he may reject any application for license under this article."

Sec. 2 declares that dram-shop keepers shall pay an amount to be fixed in each case, not less than at the rate of $50 for six months, to procure a license to keep such dram-shop.

Sec. 7 of the same article provides that any person desiring to obtain a license to sell such liquors, shall present, at the time of making application, to the city treasurer, a good and sufficient bond in the sum of $500, with one or more securities approved by the mayor, conditioned that the applicant shall keep an orderly house, and in case of failure to do so, the bond and license to become forfeited. The ordinance declares that any person violating its provisions shall forfeit not less than $3 nor more than $100 for each offence.

It was agreed that appellee was a dram-shop keeper on and after the 1st of September, 1867, and on the 2d day of that month tendered to the treasurer of the city the amount required of him for a license as a dram-shop keeper for six months, from and including the 1st day of that month, in a certificate of indebtedness issued by the Metropolitan Police Commissioners of the city, and demanded a receipt for the amount upon which to obtain a license, and the treasurer refused to receive the certificate and give a receipt therefor; that appellee continued to keep a dram-shop as he had done, and is prosecuted, under the ordinances of the city, for keeping a dram-shop without a license.

The case was tried in the circuit court, where, upon the agreed facts, the court found for appellee, whereupon appellant entered a motion for a new trial, which was overruled and

judgment rendered against the city, to reverse which, this appeal is prosecuted.

The ordinance under which this proceeding was instituted, delegates to the treasurer of the city the power to determine the amount that each applicant for a license shall pay—not less than $50 for six months. As a general rule, where power is conferred upon a municipal corporation to regulate any calling or business, they are powerless to delegate a discretionary authority to others, or to an individual. In creating such bodies, it is designed to aid the government in the preservation of good order, and to protect more effectually persons in the particular community from injuries and annoyances that cannot be so readily guarded against by the general laws of the State. And in conferring the power upon the corporate body, it is with the intention that it shall be exercised by the body created, and in the mode prescribed, and any departure from such authority, or any attempt by the body to transfer their powers to others is unwarranted.

The 44th section of article III of the city charter (Private Laws, 1865, p. 349) declares that the city council shall have power "to restrain, prohibit and suppress tippling-houses, dram-shops, gaming, bawdy, and other disorderly houses." This provision manifestly intended that the power should be exercised by the city council, under reasonable and proper ordinances, and not that they should authorize an individual to grant or refuse a license, or to fix the amount which should be paid for a license. If the treasurer may, under this ordinance, refuse licenses with the concurrence of the mayor, then they, and not the city council, would regulate or suppress dram-shops; and if the treasurer may, in his discretion, fix the sum to be paid, then he, and not the city council, would discharge the duty.

In the proper exercise of this power, the city council should adopt general ordinances, prescribing a general rule by which licenses might be obtained. They might, no doubt, prescribe the character of persons who might, or might not obtain

licenses; or they might, in their regular or called meetings, in such manner as they might ordain, grant such licenses. The ordinances should prescribe the amount required to be paid for each license, either by an ordinance relating to the entire city, or grade the rates by divisions or portions of the city, or otherwise. The ordinance should be of that general character that all persons coming within its requirements should be entitled, by complying with its provisions, to receive a license. And the amount to be paid should be determined by ordinance or order of the council, and not left within the discretion of a single officer of the city.

It is, however, contended, that appellee was liable to the forfeiture, notwithstanding the ordinances are unwarranted, inasmuch as the city, by sec. 8, declares that any person who shall engage in the trade or business of selling liquor contrary to the ordinance shall be subject to a fine for each offense. There is, no doubt, power conferred upon the city to prohibit the sale of such liquors within the limits of the city; but it is obvious that such was not the purpose of the ordinance, as the authorities, on the contrary, endeavored to provide the means by which such traffic might be carried on in the city. It then follows, that the common council have neither prohibited the sale of spirits without a license, nor have they regulated its sale; nor has the city charter rendered it penal to sell liquors without a license. Hence, the city has no right to recover a penalty until they shall, by proper ordinance under their charter, either prohibit the sale of liquor, or regulate its sale by an ordinance free from objection, and fix a penalty for a violation of such ordinance.

The power conferred on the city in reference to this subject has not been properly exercised, and, until it shall be, it remains dormant, subject to be called into active exercise whenever the city shall see proper to act in the manner authorized by their charter. As we have before said, "Where there is no law there can be no transgression." If appellee has sold liquor contrary to the statutes of the State, and without

a license from the city or county, he would, no doubt, be liable to a prosecution by the State authorities for such offense. He cannot escape liability simply by offering to procure a license under an ordinance which is not binding.

For the reasons above indicated, the judgment of the court below must be affirmed.

*Judgment affirmed.*