# The City of East St. Louis

## v.

## Charles W. Thomas.

1. CITIES—MAYOR—POWER TO EMPLOY COUNSEL.—Where the charter of a city provides that the common council shall have power to employ an attorney, etc., the mayor of such city has no authority to employ an attorney to act for the city, and any contract for such employment made by him is void.

2. DELEGATED POWERS.—The power to appoint attorneys being vested by charter in the city council, it can not be delegated to the mayor by ordinance or otherwise, and an ordinance providing that in certain contingencies the mayor may appoint an attorney, is void.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed September 29, 1882.

Mr. J. M. HAMILL and Mr. B. H. CANBY, for appellant; that neither a city nor any of its officers can make a contract not authorized by its charter, cited Dillon on Mun. Cor. § 89.

The power to appoint being vested in the common council, can not be delegated to the mayor: Dillon on Mun. Cor. § 96; E. St. Louis v. Wehrung, 50 Ill. 28; Foss v. Chicago, 56 Ill. 354; Jenks v. Chicago, 56 Ill. 397; L. S. & M. S. Ry. Co. v. Chicago, 56 Ill. 454; Jackson Co. v. Brush, 77 Ill. 59; Cooley's Con. Lim. § 204; Oakland v. Carpenter, 13 Cal. 540; White v. Mayor, 2 Swan, 364; Darling v. St. Paul, 19 Minn. 389; State v. Bell, 34 Ohio St. 194; State v. Hauser, 63 Ind. 155; Birdsall v. Clark, 73 N. Y. 73; Brooklyn v. Brislin, 57 N. Y. 591; Ruggles v. Collier, 43 Mo. 359.

A city can not become indebted for any purpose beyond the constitutional limit: Springfield v. Edwards, 84 Ill. 626; Law v. The People, 87 Ill. 385; Fuller v. Chicago, 89 Ill. 282; Howell v. Peoria, 90 Ill. 104; New Orleans v. Clark, 95 U. S. 652; French v. School Dist. 42 Iowa, 614; Bank v. School Dist. 39 Iowa, 490; McPherson v. Foster, 43 Iowa, 48; Council Bluffs v. Stewart, 51 Iowa, 385; Scott v. Davenport, 34

Iowa, 312; Mosher v. School Dist. 44 Iowa, 122; E. St. Louis v. The People, 6 Bradwell, 76; Buchanan v. Litchfield, 102 U. S. 287.

Mr. R. A. HALBERT, for appellee; that municipal corporations may appoint agents and empower them to make contracts, cited Dillon on Mun. Cor. § 96; Gillett v. Sup'rs, 67 Ill. 256; Mt. Vernon v. Patton, 94 Ill. 65; New Athens v. Thomas, 82 Ill. 259.

A delegation of power is valid when expressly authorized by the legislature: Brooklyn v. Brislin, 57 N. Y. 591; State v. Patterson, 34 N. J. L. 163; State v. Atlantic City, 34 N. J. L. 99.

The contract being valid and the employment having been entered upon, it could not be annulled by resolution of the city council: Mt. Vernon v. Patton, 94 Ill. 65.

The compensation agreed upon—ten per cent. of the amount collected—was lawful: Newkirk v. Cone, 18 Ill. 449; Richland Co. v. Millard, 9 Bradwell, 396.

CASEY, J.   Appellee sued appellant in the Circuit Court of St. Clair county, in an action of assumpsit to recover for services rendered under a special contract, as an attorney at law.   The declaration contains a special count on the contract, and also the common counts for work, care and diligence of the plaintiff as an attorney at law, and for money paid and expended by the plaintiff, at the request of the defendant.   On the trial of the cause in the circuit court, before the court and a jury, a verdict was rendered in favor of appellee for the sum of $3,000. A remittitur as to the sum of $362.70 was entered by appellee, and judgment for the remainder, to wit, the sum of $2,637.30 and costs, was entered against appellant.   A motion for a new trial was entered by appellant and refused by the court.   Exceptions to the ruling of the court were taken.   Appellee bases his right to recover in this case upon what he claims to be a written contract with appellant.   That agreement or contract is as follows:

" MAYOR'S OFFICE, East St. Louis, Ill., June 23d, 1879.

" CHARLES W. THOMAS, Esq., Belleville, Ill.   *Sir:*—The city

City of E. St. Louis v. Thomas.

of East St. Louis attempted to collect taxes for municipal pur-
poses for the years 1874 and 1875, but was unsuccessful, and
no taxes for those years were collected by the city. You are
hereby employed by the city to see that proper legal steps are
taken to levy the taxes due for those years, and your compen-
sation for such legal services in all courts, in proceedings and
cases growing out of said business, will be an amount equal
to ten per cent. of said taxes when collected. Please advise
me in writing whether you will accept the above employment
on the terms named.

" Respectfully yours,<br>
" MAURICE JOYCE,<br>
" Mayor."

To this letter appellee replied as follows:

" BELLEVILLE, Ill., June 25, 1879.
" MAURICE JOYCE, Mayor, etc., East St. Louis, Ill.

" *Sir:*—Your letter of 23d inst., relating to my employment
by the city of East St. Louis, to see that proper legal steps are
taken to collect the city taxes for 1874 and 1875, is received.
I understand from your letter that my compensation is to be
a conditional fee of ten per cent. of the amount of taxes for
those years, to be paid me as the collections are made, the city
of course to bear all expenses of litigation, and I accept the em-
ployment upon this understanding and transmit you herewith,
1st, ordinance providing for levy of 1874; 2d, ordinance pro-
viding for levy of 1875. These ordinances ought to be passed,
so that the clerk can make the requisite certificate to the
county clerk by the second Tuesday in August next. When
the ordinances are passed, I will furnish the city clerk with a
form for a certificate.

" Very respectfully,<br>
" CHARLES W. THOMAS."

It is not claimed that the city council of appellant partic-
ipated in any way whatever in the making of said contract.
On the contrary it is very clear, from the evidence, that the
city council knew nothing whatever of the contract until long
after it had been made, and did not in any manner acquiesce

or ratify said contract. The testimony shows that the city council, by resolutions when in session, protested against the employment of appellee, and, so far as they could, discharged him as an attorney for appellant. No testimony was offered under the common counts, and appellee claims to recover only on the special count.

The first question for consideration in this case is, did the mayor have the power or authority to make the agreement or contract described in the declaration and offered in evidence?

The city of East St. Louis is incorporated by and under a special act of the general assembly, entitled "An Act to reduce the Charter of East St. Louis and the several Acts Amendatory thereto, and to Revise the same." Vol. 1, Private Laws, 1864, page 885. By the act of incorporation, the government of the city is vested in a city council and mayor. The city council to consist of two councilmen from each ward, to be elected by the qualified voters thereof. The act of incorporation or charter also provides that the city council shall have the power annually to appoint an attorney, clerk, treasurer and such other officers and agents as they shall deem necessary for the proper execution of the powers conferred upon them and to authorize and regulate the appointment of deputies to such officers as may be deemed necessary. These are the only provisions of the charter that have reference to the question under consideration. The record shows that the city council under this charter before this contract was made by ordinance, provided that "in case of the absence temporarily, or sickness or inability to attend any court, the city attorney may, with the approval of the mayor, appoint some person in his stead, and whenever the mayor shall be of opinion that the interests of the city require it, he shall have power to employ such assistant or additional counsel as the occasion may require. It is claimed by appellee that the mayor, by virtue of this ordinance, had the power to, and did make the contract in question, and that it is binding upon appellant. We have given this question a careful consideration and admitting for the present that the city council, under the charter, had the power to enact the ordinance in question, we do not

think that conferred on the mayor the authority to make the contract sued on. The ordinance provides, first, that the city attorney, in case of his absence or sickness, with the approval of the mayor, may appoint an attorney to represent him—and second, the ordinance provides that the mayor may employ an assistant or additional attorney, as the occasion may demand, etc. It is not insisted, or even claimed that appellee was contracted with as an assistant to the city attorney or as additional counsel. The mayor entirely ignores the city attorney, and we might say the ordinance and city council, and attempts to contract with appellee as an independent counsel. No regard whatever is paid to the fact that appellant has an attorney; and neither does it appear that the attorney of appellant, appointed by the city council was absent, or sick, or unable to properly take charge of the question then pending. If the mayor had any authority whatever to employ an attorney to represent the interests of appellant, he gets that power from the ordinance referred to and is restricted by the terms, meaning and spirit of the ordinance. It is wholly immaterial what may have been his views as to the necessities of the occasion; he could only employ assistant or additional counsel. He had no power whatever except that which was given by the terms of the ordinance. He had no discretion whatever; neither the legislature nor the city council had entrusted him with any discretionary power, except as provided in the ordinance. The power given by the ordinance, whatever it was, he held in trust, for the benefit of the people of the municipality. The faithful discharge of that trust was absolutely required. It is not at all unfair to presume that if the mayor had properly informed appellee that the ordinances of appellant authorized him only to employ counsel to aid the city attorney, that much more reasonable terms might have been made with appellee as compensation for his services. The litigation in this case as shown by the evidence leads us to believe this to be true. In any event the mayor had no power other than that conferred by the ordinance, and that did not authorize him to make the contract offered in evidence. Appellant insists that the city council had no power to enact the ordinance in question.

That it was a delegation of power, that by the terms of the charter vested only with the city council. It will be remembered that the charter of appellant provides that the city council shall have the power annually to appoint an attorney, clerk, treasurer and such other officers and agents as they shall deem necessary for the proper execution of the powers conferred upon them and to authorize and regulate the appointment of deputies to such officers as may be deemed necessary. The true intent and meaning of this provision of the charter is that the city council shall appoint the officers referred to, and the city council shall regulate the appointment of deputies. May the city council delegate that power to some one else? It has been held that municipal corporations are mere creatures of the legislature, and have and can exercise no power except what the State has conferred upon them. All powers a corporation of this character possesses, are held in trust for the public and the people of the municipality. They have no legislative or governmental power except that which is expressly given by the statute. The powers of the mayor are clearly defined—and the power of the city council, as a branch of the city government, is equally as clearly made to appear. The principle is a plain one that the public powers or trusts devolved by law or charter upon the council or governing body to be exercised by it when, and in such manner as it shall judge best can not be delegated to others. Powers are conferred upon municipal corporations for public purposes, and as their legislative powers can not be delegated, neither can they be bartered nor bargained away. Dillon's Municipal Corporations, Sections 96 and 97. Another and very important limitation which rests upon municipal corporations is that they shall be executed by the municipality itself, or by such agencies or officers as the statute has pointed out. So far as its functions are legislative they rest in the discretion and judgment of the municipal body entrusted to them, and that body can not refer the exercise of the power to the judgment of its subordinates, or of any other person. The restriction is the same which rests upon the legislative power of the State, and it springs from the same reasons. The people in the one case

creating the legislative department, and the legislature in the other conferring the corporate powers, have selected the depositary of the power which they have designed should be exercised, and in confiding it to such depositary have impliedly prohibited its being exercised by any other agency.   A trust created for a public purpose can not be assignable at the will of the trustee.   Cooley's Constitutional Limitations, page 204.   City of East St. Louis v. Wehrung, 50 Ill. 28; Foss v. City of Chicago, 56 Ill. 39.   From these and many other authorities that might be referred to, we hold the ordinance in question to be void. That the city council was attempting to delegate a power that the legislature had given to it alone.   When a party assumes to deal with a corporation on the supposition that it possesses powers which it does not, or to contract in any other manner than is permitted by the charter, he will not be allowed, notwithstanding he may have complied with the undertaking on his part, to maintain a suit against the corporation based on its unauthorized action.   Cooley's Constitutional Limitations, page 196; Hodges v. Bufield, 2 Denio, 110; Savings Bank v. Inhabitants of Winchester, 8 Allen, 109.   Other questions are raised by counsel for appellant which we do not deem it necessary or useful to discuss.   From the view we take, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.