## McGregor v. Village of Lovington.

1. *Cities and Villages—Ordinances Void as Against Public Policy, etc.*—An ordinance providing that "No person, except peace officers, shall carry or wear under his or her clothing, or concealed about his or her person, any pistol, revolver, slung-shot, knuckles, bowie knife, dirk, dagger or any other dangerous or deadly weapon, without the written permission of the president of the board of trustees of said village," is invalid as against public policy, as well as being without authority of law, vesting, as it does, unlimited and arbitrary power in the president of the board of trustees to say who should and who should not carry concealed weapons, and that it is also invalid as not being in harmony with the enactment of the statute upon the same subject.

2. *Ordinances Partly Valid and Partly Invalid.*—An ordinance can not be valid in part and in part invalid so that the court can reject the invalid portion and support the residue.

Memorandum. — Prosecution under a village ordinance. Appeal from a judgment of conviction rendered by the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

The opinion states the case.

JOHN R. & WALTER EDEN, attorneys for appellant.

W. G. COCHRAN, attorney for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*
This was a prosecution by the village of Lovington against H. B. McGregor for an alleged violation of an ordinance of the village in relation to carrying concealed weapons.

The village recovered a judgment in the Circuit Court, and the record is brought here by the appeal of the defendant.

The only important question in the case is as to the validity of the ordinance upon which the prosecution was based. It reads as follows:

Sec. 27. No person except peace officers shall carry or wear under his or her clothing, or concealed about his or her person, any pistol, revolver, slung-shot, knuckles, bowie knife, dirk, dagger, or any other dangerous or deadly weapon, without the written permission of the president of the board of trustees of said village.

It is conceded by counsel for appellant that the State has delegated to municipalities (such as this one) power to pass ordinances prohibiting the carrying of concealed weapons, but it is argued that the power thus conferred has not been properly exercised in the present instance, and hence the ordinance is void.

We are inclined to regard the position of appellant as well taken.

Admitting the power of the village to legislate on the subject, it could not delegate the power or any substantial part of it to any officer or private citizen.

Here was a trust created for a public purpose and it was not assignable.

When the village provided that the written permission of the president of the board of trustees should exempt the person holding it from the operation of the ordinance it in effect gave that official power to say who should and who should not carry concealed weapons. In other words it delegated to the president of the board a power which had been delegated by the State to the village. Such was its direct effect.

Again, it is against public policy as well as without authority of law to vest such unlimited and arbitrary power in a single individual.

It is only by virtue of the police power of the State, based upon considerations of public necessity in respect to the peace and good order of society, that the natural right to carry a weapon can be denied, and it is essential that such power be exercised strictly in pursuance of law and in accordance with sound legal principles.

To give the chief executive officer of the village such authority as here attempted would be unsound in principle

and in the great majority of instances would be found exceedingly unfortunate in practice. It is for the law, by fixed and definite provisions, to declare when and by whom such weapons may be carried.

It is not competent for the president of the board to so declare in the first instance, nor can he be clothed with such power by the village. The law should operate on all alike, and it can not be left to the uncontrolled will of one man to exempt any one or more from its provisions. Whatever exemptions are to be made must appear in the law itself. If they are left to the discretion of one man he becomes thereby the law-giver, a thing not to be tolerated under the established system of government. A further objection, urged with force and which we regard as tenable, is that the provision here found is not in harmony with the enactment of the statute on the same subject. The following authorities are more or less in support of the views above announced: Cooley's Const. Lim., 2d Ed., 198; Ib. 204, 205; Ib. 392; City of Chicago v. Rumpff, 45 Ill. 90; E. St. Louis v. Wehrung, 50 Ill. 28; Tugman v. City of Chicago, 78 Ill. 405.

It is, however, argued by counsel for the village that an ordinance may be good in part and invalid in part, and that in such case the court will reject the invalid portion and support the residue.

We think this case is clearly not within the well settled rule applicable in such matters. East St. Louis v. Wehrung, *supra;* Cooley's Const. Lim., 2d Ed., Sec. 178–9.

In our opinion the section is clearly invalid and the village had therefore no cause of action. The judgment will be reversed.