EUREKA CITY, Respondent, *v.* R. G. WILSON,
APPELLANT.

SUPREME COURT — JURISDICTION — MUNICIPAL CORPORATIONS —
POWERS—ORDINANCES—FIRE LIMITS—POLICE POWER.

1. Under section 9 of article 8 of the constitution, the
supreme court has power to consider the question of the
validity or constitutionality of a statute or city ordinance
on appeal, where such question was raised in the district
court, and was decided, or if it ought to have been
decided, by that court, in a case which was originally
brought before a justice of the peace; but the supreme
court, on such appeal, has no jurisdiction to determine any
other question which does not affect the validity or con-
stitutionality of a statute or ordinance. Case of *City of
Eureka* v. *Wilson* (previously decided at the present term)
15 Utah 53, followed.

2. Comp. Laws Utah 1888, § 1755, subd. 54, confers upon the
city council of any incorporated city in this state the
power to establish fire limits by ordinance, and to pro-
hibit within such limits, without permission, the erection
of any buildings thereon with combustible material; and
such council may also, by ordinance, regulate and restrict
the granting of permission to erect such buildings within
such limits, but it cannot delegate to an officer or com-
mittee the power to enact regulations and restrictions
respecting the erection of such buildings, although it may
confer upon an officer or committee the power or discre-
tion to grant permission in accordance with such lawful
regulations and restrictions as the council may impose.

3. An ordinance of such character as is authorized by the
statute is within the police power of the state, and does
not contravene section 1 of article 14 of the amendments
to the constitution of the United States.

4. Section 2, ordinance No. 16 of Eureka City, in conformity with statute, prescribes the kind of material to be used in the construction of buildings within the fire limits of that city, and also prescribes that certain classes of buildings, giving particular descriptions of the same, may be constructed with combustible material within such limits. Then follows a proviso wherein the "committee on buildings" is empowered, on application therefor by any person, to grant permission to erect any building with combustible material within the inhibited district, under such "regulations and restrictions" as that committee may provide. *Held*, that the provisions contained in and those referring to the proviso must be stricken out as invalid and inoperative, and that the remaining provision of section 2 may stand, in connection with the other sections of the ordinance. *Held*, further, that the provisions of the ordinance extend to and protect all vacant places within the fire limits, and prohibit the removal of a wooden building to the inhibited district, or even from one part of such district to another.

5. Where the portion of a statute or ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected, and the remainder stand as valid and operative.

(No. 777. Decided Feb. 16, 1897.)

Appeal from the Fifth district court, Juab county. Hon. E. V. Higgins, *Judge.*

R. G. Wilson was convicted in the justice's court of Eureka City of the violation of an ordinance of that city which defines its fire limits and provides that no wooden building shall be erected within such limits except certain small buildings described in the ordinance, and appeals. *Affirmed.*

*J. W. N. Whitecotton*, for appellant.

That this ordinance is unconstitutional and void; see the following authorities: *Bissonies* v. *City of Indianapolis,* 71 Ind. 189; *City of Richmond* v. *Dudley,* 28 Am. St. R. 180; *State* v. *Tenant,* Id. 715; *State* v. *Mahner, et al.,* 9 So. Rep. 480; *Bathet* v. *City of New Orleans,* 24 Fed. 563; *First National Bank of Mt. Vernon* v. *Sarlls,* 28 Am. St. R. 185; Horr & Bemis' Munic. Police Ordinances, 5 and 10; *City of Newton* v. *Belger,* 143 Mass. 598; *City of Plymouth* v. *Schultheis,* 135 Ind. 339.

*B. N. C. Scott* and *Williams, Van Cott & Sutherland,* for respondent.

Cited: *Commonwealth* v. *Abrahams,* 156 Mass. 57; *Barbier* v. *Connolly,* 113 U. S. 31; *Railway Co.* v. *Beckwith,* 129 U. S. 29; 18 Am. & Eng. Enc. Law, p. 746; *Lowell* v. *Simpson,* 10 Allen 88; *Tate* v. *Greenboro,* (N. C.) 24 L. R. A. 671; *Rodwick* v. *Wheeler,* 51 Hun. 620; *State* v. *White,* 64 N. H. 48; *People* v. *Mulholland,* 82 N. Y. 324; *Crowley* v. *Christensen,* 137 U. S. 86.

The ordinance in question is clearly within the police power of the state and city, and even though in conflict with the fourteenth amendment to the federal constitution, it should be upheld. *Minnesota, etc., R. Co.* v. *Beckwith,* 129 U. S. 29; *Barbier* v. *Connolly,* 113 U. S. 31.

The courts have nothing to do with the wisdom, policy, or necessity of a law or ordinance; their inquiry ends with the determination that the power to pass it exists. 18 Am. & Eng. Ency. Law, page 746, notes 2 and 3; 96 U. S. 528; 129 U. S. 29.

BARTCH, J.:

This case was commenced before a justice of the peace, and the defendant, after having been convicted of a violation of an ordinance of Eureka City which forbids the

erection of wooden buildings, without permission, within certain defined limits, appealed to the district court, and, upon conviction and fine there, to this court.

The record presents several questions, raised on behalf of the appellant, respecting the rulings of the district court as to the sufficiency of the complaint before the justice of the peace, and the allowance of amendments thereto. These questions simply relate to the interpretation which the district court put upon various provisions of statute, and do not affect the validity or constitutionality of a statute. We have no power to consider such questions in this class of cases, because, under section 9 of article 8 of the constitution, the decision of a district court on all questions except those affecting the validity or constitutionality of a statute is final and conclusive. We so held in the case of *City of Eureka* v. *Wilson* (decided at the present term), 15 Utah 53, to which we refer for our opinion on this point. In that case we also discussed the question whether an appeal would lie in a case like one where the validity of a city ordinance, and not of a statute, is involved; and on the authority of that case, and in conformity with it, we hold that the appeal herein was properly taken, and that we have jurisdiction to determine the validity of the ordinance under which the appellant was convicted, but have no jurisdiction to determine any other question presented.

The principal question to be determined in this case, therefore, is whether the ordinance under which the appellant was convicted and fined is constitutional and valid. Counsel on behalf of the appellant insists that it conflicts with section 1 of article 14 of the amendments to the constitution of the United States, and that it delegates legislative power to a committee of the city council, and is therefore void. The provisions of the ordinance

in controversy here may be found in section 2, Ordinance No. 16 of Eureka City, and read as follows: "Every building hereafter erected within the fire limits of this city shall be of brick, stone, iron, or other substantial or incombustible material, and only the following wooden buildings shall be allowed to be erected, except as hereinafter provided, viz.: Sheds to facilitate the erection of authorized buildings, coal sheds not exceeding ten feet in height, and not to exceed one hundred feet in area, and privies, not to exceed thirty-six feet in area and ten feet in height, and all such sheds and privies shall be separate structures: provided, that any person desiring to erect a building of other material than those above specified within said fire limits, shall first apply to the committee on buildings within said fire limits of the city for permission so to do, and if the consent of the committee on building within said fire limits shall be given, they shall issue a permit, and it shall thereupon be lawful to erect such building under such regulations and restrictions as the committee on building within said fire limits may provide." The authority under which this ordinance was passed can be found in subdivision 54, § 1755, Comp. Laws Utah, 1888, which provides that the city council shall have power, among other things, as follows: "To define the fire limits and prescribe limits within which no building shall be constructed, except brick, stone, or other incombustible material, without permission, and to cause the destruction or removal of any building constructed or repaired in violation of any ordinance; and to cause all buildings and inclosures which may be in a dangerous state to be put in a safe condition." This provision of the statute confers upon the city council of any incorporated city in this state the power to establish fire limits, and to prohibit, within

such limits, without permission, the erection of any building with combustible material, leaving all persons free to erect buildings of brick, stone, or other incombustible material within such limits. The erection of buildings with combustible material may be prohibited by ordinance, and the granting of permission for the erection of such buildings may likewise, by ordinance, be regulated and restricted. Such was doubtless the intention of the legislature. The power thus conferred by the legislature upon the city council is, however, of a legislative character, and may not be delegated by the council to a committee. Such power being vested in the council, it must be exercised by it. If an ordinance specifies fire limits in a city in accordance with the statute, and prohibits the construction of buildings of wood or of any combustible material within such limits, without permission, and also prescribes proper regulations and restrictions under which such permission shall be granted to all applicants under like circumstances, it is valid, notwithstanding it confers power upon an officer or committee to grant permission to erect such buildings in conformity with its provisions. The power to grant the permission does not vest in the officer or committee an arbitrary discretion, but it vests in him or them merely a legal discretion, which must be exercised fairly, reasonably, and honestly. An ordinance of such a character is authorized by the statute, as well as by the police power of the state, and does not contravene section 1 of article 14 of the amendments to the constitution of the United States. *City of Eureka* v. *Wilson, supra.*

Section 1 of the ordinance in question in this case defines the fire limits of Eureka City. Section 2, above quoted, in conformity with the statutes, prescribes the kind of material to be used in the construction of build-

ings within the fire limits, which shall be brick, stone, iron, or other incombustible material. It also prescribes that certain classes of buildings, giving particular descriptions of the same, may be constructed with combustible material within such limits. Then follows a proviso wherein the "Committee on Building" is empowered, on application therefor by any person, to grant permission to erect any building with combustible material, under such "regulations and restrictions," as that committee may provide. All the provisions of section 2 not contained in the proviso appear to be authorized by the statute, and to conform to the principles hereinbefore stated, respecting ordinances. By adding the proviso, however, the council has attempted to confer upon a committee, not only an absolute power, which would enable it to defeat the very object of the ordinance at its mere will and pleasure, but also a legislative power, which would enable it to perform a duty imposed upon the council itself by the statute, and that is to provide regulations and restrictions to control the granting of permission according to the provisions of the ordinance. This the council had no power to do. The erection of a wooden building in any part of the city is not in itself unlawful. It only becomes so when forbidden by law, within the fire limits, for the security of persons and property, and the promotion of the interests and good order of the city; and while a city council in this state may prohibit, by ordinance, the construction of buildings, within fire limits, of combustible material, still it cannot confer a power upon a committee, such as is attempted to be conferred by the proviso, which may be used as a means for unjust and arbitrary discrimination between citizens. If this proviso were valid, then, no matter what regulations and restrictions the committee might adopt, it would still be

within its power to grant permission to one person to erect a wooden building, and refuse the privilege to another under the same circumstances. The statute vested in the council the exercise of powers of legislation respecting the establishing of fire limits and the construction of buildings therein. This demands a discretion in the council itself, and cannot be delegated. The proviso cannot be justified as a reasonable exercise of the authority conferred by the statute, and is void. Horr & B. Mun. Ord. § 10; *Newton* v. *Belger*, 143 Mass. 598.

The fact that the proviso is void, however, affords no sufficient reason to declare the whole ordinance invalid. The ordinance is capable of enforcement independent of the proviso. The provision defining the fire limits and the prohibition against the erection therein of buildings of inflammable material, except certain described classes of buildings, are complete, distinct, absolute, and apparently in no essential manner dependent upon the void provision. It is apparent from the valid portion of the ordinance that the council intend to prohibit the construction of buildings of the objectionable material, so as to promote the security and protection of persons and property, and the good order of the city; and the council itself doubtless has authority, under the statute, to exercise the power, in a proper manner, which it attempted to delegate to the committee. There is nothing apparent which would justify this court in holding that the city council would not have enacted the ordinance except in connection with the proviso. The provisions contained in, and those referring to, the proviso, must be stricken out as invalid and inoperative; and the remaining provisions of section 2 may stand in connection with the other sections of the ordinance. It is a well-settled rule that where the portion of a statute or ordinance which is

invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected, and the remainder stand as valid and operative. In *City of Detroit* v. *Ft. Wayne & B. I. Ry. Co.*, 95 Mich. 456, Mr. Justice McGrath, speaking for the court, said: "It is well settled that an ordinance may be good in part, although bad in part. It is only necessary that the good and bad parts be so distinct and independent that the invalid parts may be eliminated, and that what remains contains all the essentials of a complete ordinance." In *Fisher* v. *McGirr*, 1 Gray 1, Mr. Chief Justice Shaw, delivering the opinion of the court, said: "We suppose the principle is now well understood that where a statute has been passed by the legislature, under all the forms and sanctions requisite to the making of laws, some part of which is not within the competency of legislative power, or is repugnant to any provision of the constitution, such part thereof will be adjudged void, and of no avail, while all other parts of the act, not obnoxious to the same objection, will be held valid, and have the force of law. There is nothing inconsistent, therefore, in declaring one part of the same statute valid, and another part void." 1 Dill. Mun. Corp. § 421; *State* v. *Kantler*, 33 Minn. 69; *Ex parte Christensen*, 85 Cal. 208; *City of Indianapolis* v. *Bieler*, 138 Ind. 30; *Ritchie* v. *Richards*, 14 Utah 345; *Santo* v. *State*, 63 Am. Dec. 487; *Railroad Co.* v. *Schutte*, 103 U. S. 118; *Jones* v. *Robbins*, 8 Gray 329; *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393.

It follows that the erection, within the fire limits of Eureka City, of buildings of combustible material other than such as are provided for in the ordinance, was unlawful, and that the appellant, having erected and maintained a building of the class prohibited, was guilty of an

unlawful act, and amenable to the punishment inflicted. The fact that the building in controversy appears to have been moved from some other portion of the fire limits to the place where it was erected, in violation of the ordinances, does not change the unlawful character of the act. The ordinance did not interfere with the building where it stood before its removal, but prohibited new erections in the place of such as were in existence, and its provisions extended to and protected all vacant places within the fire limits. The ordinance in question is a measure for general security, and the protection of the inhabitants of the city, and was doubtless enacted to prevent the hazard of fire, incident to the continuing and placing of combustible material in a dangerous position. This is but a reasonable precaution, looking to the general welfare of the citizens; and we think it was the intention of the city council to regard as within the operation of the ordinance all buildings of the prohibited class placed where none existed before, whether by erection or removal from some other place. Such an interpretation seems to be warranted from the context, and to effect the salutary purposes for which the enactment was designed. *Wadleigh* v. *Gilman*, 12 Me. 403.

There appears to be no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.