564    APPELLATE COURTS OF ILLINOIS.

Chicago Medical Society v. South Park Commr's, 150 Ill. App. 564.

## Chicago Medical Society et al., Plaintiff in Error, v. South Park Commissioners, Defendant in Error.

### Gen. No. 14,596.

PARKS—*what not within jurisdiction of city.* A city which reserves the right to locate in park territory a boulder of a particular size, cannot, over objection of the park commissioners, erect in such park a boulder of any other size, and with respect to the erection of such a boulder, cannot delegate its authority.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed October 25, 1909.

HARRY M. FISHER, for plaintiffs in error.

HOLLETT, SAUTER & HENKEL, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by the city of Chicago from a decree dismissing a bill to which it was a party defendant, and its cross-bill, in which it was cross-complainant, for want of equity. On the hearing under the issues joined, the Chicago Medical Society and its president and secretary as complainants in the original bill offered no proofs, but the cause was heard on proofs introduced by the city of Chicago under its cross-bill against original complainants and the South Park Commissioners, together with the proofs of such cross-defendants.

In the conclusion to which we have arrived we think it unnecessary to follow counsel in the many phases of the case which they have presented in their briefs.

The land under the jurisdiction of the South Park Commissioners, and entrusted to its care and control by an ordinance of the city of Chicago, has been, from the earliest history of Chicago, public property for the use and enjoyment of its citizens as a park. We do

not think it at all essential in solving the rights of the parties to this controversy, to search for authority of either municipality to hold, control and maintain such land as a park; nor is it pertinent to inquire as to the powers and limitations of the city of Chicago in parting with its jurisdiction and conferring the same upon the South Park Commissoners.

It seems from the record, that the Chicago Medical Society, and some of the descendants in the third generation of Dr. Samuel Guthrie, were desirous of perpetuating his fame as the discoverer of the pain-easing anesthetic known as chloroform, by erecting to his memory in Grant Park a monument with an inscription detailing that fact. In furtherance of such object the co-operation of the city of Chicago was secured, and in the ordinance transferring jurisdiction from the city of Chicago to the South Park Commissioners was this attempted reservation, viz:

"Fifth. A reservation by the city of Chicago of the right to place and maintain in the portion of the park hereinbefore described a boulder twenty-five feet square as a monument to Dr. Samuel Guthrie, inventor of chloroform."

The hostility of the Park Commissioners to the placing of a boulder of the character selected by the Medical Society and the Guthries was known to them, and their attempt to so place the boulder thwarted. This boulder is of the dimensions of "11 feet the longest way and 7 feet by 5 feet." The Park Commissioners would not approve of this boulder or consent to its being placed upon the Grant Park property. The Medical Society, in an attempt to frustrate the hostility of the Park Commissioners and to land this boulder in the Park, procured on "Christmas day" 1905, from a judge of the Circuit Court, without notice and without bond, an injunction restraining the Park Commissioners from interfering with the dumping upon the park of such "boulder." Under cover of this extra-judicial protection, the "boulder" was transported into the Park and left on that part of it which

would be just east of Michigan avenue and north of the north line of Jackson Boulevard if that thoroughfare was projected east of Michigan avenue. The injunction so inopportunely granted was afterwards dissolved and the proceedings here under review instituted although the bill in the Circuit Court was neither withdrawn nor a final hearing thereon had.

It is self-evident that the "boulder," the subject of this dispute, in no way meets the requirements of the one permitted by the city ordinance. It is evidently much inferior and not of the measurements required by the ordinance. The offending boulder is not 25 feet square, and if any right exists in the Medical Society to place any boulder in the park—which we by no manner of means intend to be understood as conceding —it must conform substantially at least to the dimensions fixed by the ordinance.

We do not think that the city of Chicago, much less the Medical Society, has any lawful right to instal or maintain any monument or other structure which would in any way interfere with or tend to obstruct the plans of the Park Commissioners for the improvement or adornment of the park. The care and maintenance of the parks are entrusted to the commissioners by law, and their judgment must control. With such control no one has the lawful right to interfere. The Chicago Medical Society has no standing in this controversy. The city of Chicago has no power to delegate its authority. Its attempt so to do was a nullity. City of E. St. Louis v. Wehrung, 50 Ill. 28; Same v. Thomas, 11 Ill. App. 283; Foss v. City of Chicago, 56 Ill. 354.

The decree of the Superior Court is affirmed.

*Affirmed.*