THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. MAX MEYER, Appellant.

(Court of General Sessions of the Peace, in and for the County of New York, February, 1920.)

Licenses — powers of commissioner of licenses of the city of New York — criminal law — ordinances.

The commissioner of licenses of the city of New York has no authority to limit a license to peddle merchandise to the sale of "foodstuffs only."

Where the holder of such a restricted license sold shoes on a push cart, his conviction for peddling without a license in violation of a city ordinance, will be reversed and the charge dismissed.

APPEAL from a judgment of conviction in a City Magistrate's Court.

Samuel Dickstein, for appellant.

William P. Burr, corporation counsel (George P. Nicholson, Russell L. Tarbox, of counsel), for respondent.

ROSALSKY, J. The defendant was adjudged guilty in the City Magistrates' Court of peddling shoes on a

pushcart without a license therefor in violation of section 1, article 10, chapter 14, of the code of ordinances.

It appears from the record that the commissioner of licenses had issued a license to this defendant upon the back of which was stamped a notice to the effect that it was limited to the sale " of foodstuffs only."

The question presented in this case is whether the commissioner of licenses was vested with power to issue a license to the defendant limiting him to the right of selling " foodstuffs only " in the absence of a provision of the ordinance prescribing the character of the merchandise which the licensee was to sell.

A careful examination of the charter and the code of ordinances fails to disclose any provision which provides for the restriction of the commodity to be sold by the peddler.

Section 130 of article 10 is the only provision of the code of ordinances to be found which, in defining a peddler, mentions the generic word merchandise, but it does not prescribe the character of the merchandise to be sold by the peddler. This section reads as follows: "Any person hawking, peddling, vending or selling *merchandise* in the streets of the city shall be deemed to be a peddler, and shall be classified as follows: * * * a peddler using a pushcart * * *."

It is argued by the learned counsel representing the city that a reasonable amount of discretion must necessarily be given to the commissioner of licenses in the classification of the merchandise to be vended by peddlers.

It is, therefore, important to determine whether an administrative officer may lawfully exercise such discretionary power.

The statutory authority of the board of aldermen to enact the ordinance under consideration is clearly

set forth in the Greater New York charter. This instrument delegates to the board of aldermen '' the power to provide for the licensing and otherwise regulating the business   *   *   *   of hawkers, peddlers and vendors '' by ordinances, rules, regulations and by-laws and specifies that they shall be general.   § 51, as amd. by Laws of 1916, chap 192; § 44, as amd. by Laws of 1905, chap. 629, § 5.

The board of aldermen, by ordinance, has provided that no person shall be engaged in, or carry on, the business of peddlers, hawkers and vendors without a license therefor (Code of Ordinances, chap. 14, art. 10, § 1), and has defined a peddler as any person hawking, peddling, vending or selling merchandise in the streets of the city.   Id. 130.

By section 641 of the Greater New York charter, as added by chapter 475 of the Laws of 1914, and as amended by Laws of 1917, chapter 618, the legislature delegated to the commissioner of licenses very comprehensive power vesting in him the '' cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and cancelling of licenses,'' theretofore issued by the mayor pursuant to the code of ordinances of the city and by the former bureau of licenses attached to the mayor's office.

The charter also vests in the commissioner of licenses all the powers and functions '' now exercised in relation to licenses by the mayor and the former bureau of licenses.''

Thus we find that the power delegated by the charter to the commissioner of licenses is purely executive or administrative in character and not legislative, and that the power vested in the board of aldermen is to provide for the licensing and otherwise regulating the business of hawkers, peddlers and vendors.   In other words, the charter vests executive or administrative

Court of Gen. Sessions, N. Y. County, February, 1920. [Vol. 110.

power in the commissioner of licenses and legislative power in the board of aldermen.

It is manifest that the commissioner in restricting the licensee to sell " foodstuffs only " exercised a power which the ordinance does not confer upon him, and, even if conferred, such power would be in violation of " the well settled principle that public powers or trusts devolved by law or charter upon the council or governing body to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others." Dillon Mun. Corp. § 60; *Thompson* v. *Schermerhorn,* 6 N. Y. 92; *Birdsall* v. *Clark,* 73 id. 73; *Schwartze* v. *City of Camden,* 77 N. J. Eq. 135; 75 Atl. Repr. 647; *City of East St. Louis* v. *Wehrung,* 50 Ill. 28; *People* v. *Clean Street Co.,* 225 id. 470; 116 Am. St. Rep. 156; *City of Sullivan* v. *Cloe,* 277 Ill. 56; *Bolton* v. *Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33; *Eureka City* v. *Wilson,* 15 Utah, 67; 62 Am. St. Rep. 904; *City of Newton* v. *Belger,* 143 Mass. 598; *Greene* v. *Mayor of Fitchburg,* 219 id. 121.

To limit the licensed peddler to sell " foodstuffs only " is an act of regulation which, under the charter, is solely vested in the board of aldermen. Such power cannot be exercised by or delegated to others. To adopt any other construction of the ordinance would result in vesting the commissioner with legislative power which the legislature of this state has deemed fit to delegate solely to the board of aldermen.

There is no doubt that in the performance of the functions of his office the commissioner must exercise judgment and discretion with respect to the granting and revoking of licenses in accordance with what he believes to be in the interest of the public safety or public welfare as these powers are particularly conferred upon him by the legislature, but the question involved in the instant case relates to the kind of the

merchandise which the peddler is to sell, and therefore this matter is one of regulation by the board of aldermen.

The commissioner only possesses such authority as is conferred upon him by the charter or by the board of aldermen. Under the law as it now exists, if he reaches a decision that a person is entitled to receive a license to sell merchandise, he has no power to restrict the licensee to sell a particular kind of merchandise. It seems, therefore, that the restriction placed on the license of the defendant was unauthorized, and that in so doing the commissioner acted beyond the scope of his authority.

There is no claim that the commissioner of licenses in classifying pushcart peddlers acted arbitrarily or capriciously. On the contrary, he acted in good faith and his discretion was exercised conscientiously and impartially with a signal desire to perform his duty in the interest of the people and he sought to prevent certain abuses which had grown up in connection with the sale of merchandise on pushcarts, concerning which complaints had been made to him by the fire and health departments and the business interests of this city.

The judgment of conviction is reversed, and inasmuch as no new prosecution can be successfully maintained, the charge against the defendant is also dismissed.

Judgment reversed.