No. 26,002.

T. L. YOUMANS, *Appellee*, v. THE CITY OF OSAWATOMIE et al., *Appellants.*

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Ordinances—Subjects and Titles.* The removal of a building from one place to another, both being within the fire limits, is not prohibited by an ordinance forbidding such a building to be "erected, placed within or moved upon or into said limits," and forbidding alteration or changes in buildings of that character already situated therein by enlarging or altering them, and forbidding repairs upon them unless by written consent of the city commissioners.

2. INJUNCTION—*Subjects of Protection and Relief.* Objections to an injunction against interference by the city officers with such removal are examined and held not to be well founded.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed June 6, 1925. Affirmed.

*Ben F. Winchel,* of Osawatomie, for the appellants.
*Charles T. Meuser,* of Paola, for the appellee.

The opinion of the court was delivered by

MASON, J.: T. L. Youmans, the proprietor of the telephone exchange at Osawatomie, has a building in which supplies and equipment are kept, and which stands upon lots owned by another. He

undertook to move the building across the alley and place it upon
his own property.  He was arrested upon a charge of violating a
city ordinance relating to fire limits.  He brought this action to en-
join the city authorities from interfering with him in moving the
building.  A permanent injunction was granted, and the defendants
appeal.

1.  The building is twenty-eight feet long and fourteen feet wide,
with corrugated iron on the sides and roof.  The ordinance was not
violated by maintaining it in its original position, which was within
the fire limits, as is also the place to which the plaintiff undertook
to move it.

The title of the ordinance is:

"An ordinance fixing the fire limits of the city of Osawatomie, providing for
the kind of buildings that may be erected, placed within or moved upon or
into said limits, and providing a penalty for the violation thereof."

Its first section reads:

"That there shall not be placed, erected or moved upon the premises or
parcels of land hereinafter in this ordinance described, any building of any
kind except such building be built and constructed of brick, stone, concrete,
cement blocks, steel, iron or other fireproof materials, and with fireproof roof."

Osawatomie is a city of the second class, and the scope of the ordi-
nance can be no broader than is indicated by its title.    (R. S. 14-
106.)    The body of the ordinance in forbidding wooden buildings
to be placed, erected or moved upon "the premises or parcels of
land" described as forming the restricted district known as the fire
limits, uses language which might be interpreted as covering the
placing of a building upon a particular lot or block, or moving it
thereon.  But the natural reading of the part of the title referring to
buildings "placed within or moved upon or into said limits" appears
to confine its application to buildings brought into the territory
bounded by the fire limit from the outside.

We agree with the trial court that in view of the title of the ordi-
nance, the phrase "moved upon" is to be construed as referring to a
moving from a place outside the fire limits to a place within them;
not to a moving from one place to another, both being inside the
fire limits.  The ordinance is penal and some strictness of construc-
tion is proper.  Of course the actual intent of the body passing the
ordinance, as indicated by the language employed, including that of
the title, is what is to be sought.  But we think if it had been the in-
tention to prohibit the shifting about of a building within the fire

limits that purpose would have been plainly expressed. An ordinance forbidding any wooden building to be erected "or placed" within fire limits has been held to forbid the removal of such a building from one point to another, both within the limits. (*Griffin v. City of Gloversville,* 73 N. Y. Supp. 684, 687.) And it has been held that an ordinance forbidding the erection of a wooden building within fire limits is violated by moving such a building from one point to another within the limits. (*Wadleigh v. Gilman & al.,* 12 Maine 403; *Eureka City v. Wilson,* 15 Utah 67.) The present case, however, may be differentiated from the two last cited, for here the ordinance does not employ one general word which might by a liberal construction be regarded as including any process which caused a wooden building to stand where none stood before; it goes expressly into the matter of moving, forbidding (as we interpret it) a removal from beyond the limits to within them, thereby covering the field of removal, and leaving no room to imply a prohibition against a shifting of position wholly within the boundary of the restricted district. Moreover, in the Utah case the appeal conferred no authority to review the interpretation put on the ordinance by the trial court. In Connecticut it is held that a removal taking place wholly within the fire limits is not an "erection." In *Kaufman v. Stein,* 138 Ind. 49, the Connecticut cases to that effect are cited, and the court adds that the weight of authorities supports the Connecticut ruling. (See, also, *City of Cleveland v. Lenze,* 27 Ohio St. 383, 387, 390; 2 Dillon on Municipal Corporations, § 727, note 3, and text.)

The second section of the ordinance reads:

"That all alterations or changes in the frame or other combustible buildings now constructed and situated within and upon the premises and tracts of ground described in section 1 of this ordinance, by enlarging or altering the said buildings in any manner, shall be deemed a violation of section 1 of this ordinance: *Provided,* That repairs on any frame building now within the limits prescribed in section 1 of this ordinance may be made by written permission of the city commissioners being first secured to make such repairs: *And provided further,* That before permission to make such repairs shall be granted by the city commissioners the party desiring to make such repairs shall file with the commissioners a written petition setting forth clearly and in full the repairs to be so made."

The mere removal of a building from one place to another is not in our judgment an alteration or change in it by enlarging it or

altering it, within the meaning of the language quoted; nor does it constitute the making of repairs upon the building.

2. Following the arrest of the plaintiff for the violation of the ordinance, he was found guilty by the police judge, and appealed to the district court, where he was again convicted. At the time the present case was heard his motion for a new trial in the criminal case was still pending. The defendants suggest that both the facts and the law in the present case are thereby settled. The two cases have much in common, but are not brought upon the same cause of action, and the principle of *res judicata* does not apply. The judgment enjoins the defendants from interfering with the plaintiff's moving the building, but contains an express provision that it is not to prevent the city from prosecuting to a final determination the action begun in the police court.

The defendants argue that no showing was made that they had threatened to interfere with the removal in any other way than by the prosecution referred to, and therefore the court was not justified in granting the injunction. The contention has some technical force. The plaintiff, however, testified that (seemingly after his arrest) the city officials threatened him with prosecution if he persisted in his attempt at removing the building. Moreover, the case has been fully tried upon oral evidence, and the defendants are asserting that the plaintiff has no right to remove his building as he has planned. We think the court was warranted in deciding the case upon the merits of the controversy on that point. That no actual injustice results is indicated by a specific finding that the fire hazard would not be increased by the removal.

The judgment is affirmed.